# EXHIBIT A

# POLICY CERTIFICATION

**STATE OF FLORIDA**

**COUNTY OF HILLSBOROUGH**

I hereby certify that the attached policy is a true and accurate copy of policy number 2001534738, issued to Daniel Wilcox the policy period beginning on August 19, 2017 and ending on August 19, 2018

Adrianna Valdez
Claims Manager

**STATE OF FLORIDA**
**COUNTY OF HILLSBOROUGH**

**I HEREBY CERTIFY** that on this day, the undersigned authority duly authorized to administer oaths and take acknowledgements, **Adrianna Valdez**, who is personally known to me, personally appeared before me, did take an oath, and thereafter attested to the foregoing as being true and correct.

**SWORN TO AND SUBSCRIBED** before me this 2nd day of November, 2021

Julia M. Fluker

**NOTARY PUBLIC in and for the STATE OF FLORDIA**

**My commission expires:** June 19.2025



**National General**
Auto, Home & Health Insurance
PO Box 3199 • Winston Salem, NC 27102-3199

Policy Number: **2001534738**
Date of Notice **7/14/2017**
Named Insured: **DANIEL WILCOX**

DANIEL WILCOX

Policy Period: **8/19/2017 - 8/19/2018** **12:01 A.M.**

Policy Underwritten By:
**Integon Preferred Insurance Company**
**24 Hour Claim Reporting: 1-800-468-3466**
**For Policy Information: 1-877-468-3466**
**www.MyNatGenPolicy.com**

Your Agent:
American Insure All Agency Inc
3925 196th St SW Ste. 102
Lynnwood WA 98036-2648
(425) 778-1133

# WA PERSONAL AUTO DECLARATIONS PAGE

Renewal Effective **8/19/2017**

## Drivers and Household Residents

**#1 Daniel Wilcox**

| Driver Status | License # | Lic. State | Date of Birth | Gender | Marital Status | Driver Pts | Yrs. Licensed |
|---|---|---|---|---|---|---|---|
| Rated Driver | [redacted] | WA | [redacted] | Male | Single | 0 | 26 |

## Insured Vehicle(s) and Schedule of Coverages

**Broadform**

| **Coverages Provided** | **Limits / Deductibles** | **Premium** |
|---|---|---|
| Bodily Injury | $25,000 Each Person / $50,000 Each Accident | $408.00 |
| Property Damage | $25,000 Each Accident | $365.00 |
| | **Total For This Vehicle** | **$773.00** |

| | |
|---|---|
| **Combined Vehicle Premium** | **$773.00** |
| Acquisition Expense | $40.00 |
| **Total 12 Month Policy Premium** | **$813.00** |

## Important Notice

Online Policy Documents: Your policy form and coverage endorsements may be viewed by going to our website: www.MyNatGenPolicy.com. Click on the Policy Documents link at the top and enter your Policy Number and Last Name.

## Additional Policy Information

| | |
|---|---|
| Tier | Intermediate |

## Disclosure of Possible Additional Charges

The amounts below are authorized for use in this state. However, they are only charged if they apply to your policy.

| | |
|---|---|
| FR Filing Charge | $25.00 |
| Late Charge | $10.00 |
| Nonsufficient Funds Charge | $20.00 |
| Reinstatement Charge | $5.00 |
| Renters Fee | $5.00 |

## Forms and Endorsements

| Endorsement | Edition | |
|---|---|---|
| 02024 | 03012016 | AMENDMENT OF POLICY PROVISIONS |
| 10053 | 02012013 | BROADFORM NAMED OPERATOR COVERAGE |
| 06275 | 03012003 | PERSONAL AUTO POLICY COVER PAGE |
| 06266 | 08012001 | PERSONAL AUTO POLICY |
| 06297 | 08012001 | PERSONAL AUTO POLICY - SIGNATURE PAGE |
| 06306 | 08012001 | PERSONAL AUTO POLICY - TABLE OF CONTENTS |

Authorized Signature

**Integon Preferred Insurance Company**

This Endorsement Applies Only If
Form Number 02024 (03012012) Appears in the Declarations.

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**AMENDMENT OF POLICY PROVISIONS - WASHINGTON**

Coverage is provided under this endorsement only when noted in the Declarations of this policy.

All the provisions of this policy apply to the coverage provided by this endorsement except as modified herein.

**DEFINITIONS**

The Definitions Section is amended as follows:

Definition A. is deleted and replaced as follows:

A. Throughout this policy, **"You"** and **"Your"** refer to:

1. the named insured shown in the Declarations; and
2. the spouse if a resident of the same household. A spouse includes party to a civil union.
3. an individual who:
   a. is a resident of the named insured's household; and
   b. who co-owns one or more vehicles insured under this policy with the named insured or resident spouse; and
   c. is nor a **family member**.

Definition J. is deleted.

Definition K. is deleted and replaced as follows:

K. "Family member" means: a person related to **you** by blood, marriage or adoption who is a resident of **your** household. This includes a ward or foster child or stepchild. Married includes party to a civil union.

Definition L. is deleted and replaced as follows:

L. "**Loss**" means: sudden, direct, and accidental destruction or damage.

Definition Q. is deleted and replaced as follows:

Q. **"Your covered auto"** means:

1. Any **auto** shown in the Declarations.
2. Any of the following types of vehicles on the date **you** become the owner, but only if **you** have asked **us** to insure it as set forth below:
   a. a private passenger **auto** that has a Gross Vehicle Weight as specified by the manufacturer of less than 10,000 pounds;
   b. a recreational vehicle; or
   c. a vehicle with a Gross vehicle Weight of 10,000 pounds or more used exclusively to tow **your recreational vehicle** for personal recreational use.

   If the **auto you** acquire replaces an **auto** shown in the Declarations, it will have the same coverage as the **auto** it replaced, if **you**:

   a. acquire the **auto** during the policy period and it is eligible for coverage pursuant to our underwriting criteria; and
   b. ask **us** to insure it within 30 days after **you** become the owner; and
   c. it is not insured under any other **auto** insurance policy.

   If **you** do not notify **us** within the time limit noted in b., no coverage exists for the replacement **auto**.

   If the **auto you** acquire is in addition to any shown in the Declarations, it will have the broadest coverage **we** now provide for any **auto** shown in the Declarations, if **you**:

   a. acquire the **auto** during the policy period and it is eligible for coverage pursuant to **our** underwriting criteria; and
   b. ask **us** to insure it within 30 days after **you** become the owner; and
   c. it is not insured under any other **auto** insurance policy

   If **you** do not notify **us** within the time limit noted in b., no coverage exists for the newly acquired auto.

3. Any **trailer you** own:
   a. while attached to **your covered auto**; and
   b. not used in a **business**; and
   c. that is not insured under any other **auto** insurance policy.

   However, if the **trailer** is a **recreational vehicle** or is designed to be pulled by a **recreational vehicle**, item 3. A. above does not apply.

4. Any **auto** or **trailer** not owned by **you** while used on a temporary basis as a substitute for any other **auto** described in this definition which is out of normal use because of its:
   a. breakdown;
   b. repair;
   c. servicing;
   d. **loss**; or
   e. destruction.

This **auto** or **trailer** being used on a temporary basis must be eligible for coverage pursuant to **our** underwriting criteria.

**PART A - LIABILITY COVERAGE**

A. Section A of the **INSURING AGREEMENT** is deleted and replaced by the following:

If **you** pay a premium for this coverage, **we** will pay damages, except punitive or exemplary damages, for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an **auto accident.** Damages include prejudgment interest awarded against the **insured** subject to **our** limit of liability for this coverage. **We** will settle or defend, as **we** consider appropriate, any claim or suit asking for these damages. If **we** defend, **we** will choose the counsel of **our** choice, which may include an in-house counsel. In addition to **our** limit of liability, **we** will pay all defense costs **we** incur. **Our** duty to settle or defend ends when **our** limit of liability has been exhausted through settlement or payment toward any judgment rendered against the **insured** or **we** obtain permission from the **insured** to be relieved of **our** duty to settle or defend. **We** have no duty to defend any suit, settle any claim or pay any judgment for **bodily injury** or **property damage** not covered under this policy.

B. The following exclusions are added to subsection A of the **EXCLUSION** section of PART A:

18. **bodily injury** or **property damage** arising out of or resulting from, in whole or in part, any actual, alleged, or threatened migration, release, existence, or presence of or actual, alleged, or threatened exposure to any mold, mildew, fungus, or other microbes, including any type or form of: (i) decomposing or disintegrating organic material or microorganism; (ii) organic surface growth on moist, damp, or decaying matter; (iii) yeast or spore-bearing plant-like organism; or (iv) spores, scents, toxins, mycotoxins, bacteria, viruses, or any other by-products produced or released by any mold, mildew, fungus, or other microbes.

**PART B - MEDICAL PAYMENTS**

The following exclusion is added to the **EXCLUSION** section of PART B - MEDICAL PAYMENTS COVERAGE.

14. arising out of or resulting from, in whole or in part, any actual, alleged, or threatened migration, release, existence, or presence of or actual, alleged, or threatened exposure to mold, mildew, fungus or other microbes, including any type or form of: (i) decomposing or disintegrating organic material or microorganism; (ii) organic surface growth on moist, damp, or decaying matter; (iii) yeast or spore-bearing plant-like organism; or (iv) spores, scents, toxins, mycotoxins, bacteria, viruses, or any other by-products produced or released by any mold, mildew, fungus, or other microbes.

**PART C - UNDERINSURED MOTORISTS COVERAGE**

PART C is deleted and replaced with the following:

**INSURING AGREEMENT**

If **you** pay a premium for Underinsured Motorist Coverage, **we** will pay damages, except punitive or exemplary damages, which an **insured** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of **bodily injury** or **property damage**:

1. sustained by an **insured**; and
2. caused by an **auto accident.**

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of an **underinsured motor vehicle.**

**DEFINITIONS**

A. **"Insured"** as used in this PART means:

1. **you** or any **family member.**
2. any other person **occupying your covered auto** within the scope of **your** express or implied permission.
3. any person for damages that person is legally entitled to recover because of **bodily injury** to which this coverage applies sustained by a person listed in 1. or 2. above.

B. **"Property damage"** as used in this PART means: physical injury to **your covered auto. Property damage** does not include loss of use nor does it include damage, destruction to or **loss** of personal effects.

C. **Underinsured motor vehicle** means a land motor vehicle or **trailer**:

1. to which no liability bond or insurance policy applies at the time of the **accident.**
2. to which a liability bond or policy applies at the time of the **accident** but the sum of the limits of liability of all liability bonds and insurance policies applicable to an **insured** at the time of the **accident** is less than the damages the **insured** is legally entitled to recover for **bodily injury** or **property damage.**
3. which is a hit-and-run vehicle whose owner or operator cannot be identified and which hits **you**, **your covered auto** or, in the case of **bodily injury**, a motor vehicle **you** are **occupying.**
4. which is a phantom vehicle. Phantom vehicle means a land motor vehicle which causes **bodily injury** to an **insured** or **property damage** to **your covered auto** and has no physical contact with the **insured** or the vehicle the **insured** is **occupying** at the time of the **auto accident** provided that:

a. the facts of the **accident** must be proved. **We** will only accept competent evidence other than the testimony by **you** or any other **insured** making a claim under this or any similar coverage; and

b. the **insured**, or someone on his/her behalf, reports the **accident** to the police or civil authority within seventy-two (72) hours.

5. to which a liability bond or policy applies at the time of the **accident** but the bonding or insuring company:

   a. denies coverage; or

   b. is or becomes insolvent.

However, **underinsured motor vehicle** does not include any vehicle or equipment:

1. owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.
2. owned by any governmental entity or subdivision, unit, or agent thereof, except where the governmental entity, subdivision, unit or agent is unable to satisfy a claim due to financial inability or insolvency.
3. operated on rails or crawler treads.
4. which is designed mainly for use off public roads while not on public roads.
5. while located for use as a residence or premises.
6. owned by or furnished or available for the regular use of **you** or any **family member**.
7. which is **insured** for coverage under PART A of this policy unless damages are sustained by **you** or a **family member**. In this case, coverage is only provided to **you** or a **family member**.

**EXCLUSIONS**

A. **We** do not provide Underinsured Motorists Coverage for **bodily injury** or **property damage** sustained by any **insured**:

   1. while **occupying your covered auto** while it is being used to carry persons or property for compensation or a fee. This exclusion does not apply to a share-the-expense car pool.
   2. using or **occupying** an **auto** beyond the scope of the owner's express or implied permission.
   3. while **occupying** any **auto**:

      a. being used in any unlawful activity (other than a traffic violation), illicit trade or transportation; or

      b. used or operated in an attempt to flee a law enforcement agent;

      and such person is a willing participant in such activity listed in a) or b) above.

   4. while operated or **occupying** a motorcycle or motor driven cycle or a three or four wheel all terrain vehicle and which is not **insured** for liability under this policy.
   5. for **bodily injury** or **property damage** sustained while operating or **occupying** a motor vehicle owned or available for the regular use by **you** or any **family member** and which is not **insured** for liability under this policy. This includes a **trailer** of any type used with that vehicle.

**LIMIT OF LIABILITY**

A. The limit of **bodily injury** liability shown in the Declarations for each person for Underinsured Motorists Coverage is **our** maximum limit of liability for all damages for **bodily injury** sustained by any one person in any one **auto accident**. This includes all derivative claims arising out of said **bodily injury**. Derivative claims include, but are not limited to, damages for care, death, loss of service, loss of consortium, or loss of society or companionship. Subject to this limit for each person, the limit of liability shown in the Declarations for each **accident** for Underinsured Motorists Coverage is **our** maximum limit of liability for all damages for **bodily injury** resulting from any one **auto accident**. This includes all derivative claims arising out of said **bodily injury**. Derivative claims include, but are not limited to, damages for care, death, loss of service, loss of consortium, or loss of society or companionship.

   The limit of **property damage** liability shown in the Declarations for each **accident** for Underinsured Motorist Coverage is **our** maximum limit of liability for damages resulting from any one **auto accident**.

   The limit of liability shown in the Declarations is the most **we** will pay under Underinsured Motorists Coverage as a result of any one **auto accident** regardless of the number of:

   1. **insureds**;
   2. claims made;
   3. **autos** or premiums shown in the Declarations;
   4. vehicles involved in the **accident**;
   5. lawsuits brought; or
   6. premiums paid.

B. **We** will not make a duplicate payment under the coverage provided by this PART C for any element of damages for which payment has been made by or on behalf of persons or organizations who may be legally responsible. This includes any payment made under PART A of this policy.

C. Any amount paid for **property damage** caused by a hit-and-run motor vehicle or a phantom vehicle as described in the definition of **underinsured motor vehicle** shall be subject to a three hundred dollar ($300) deductible. All other **property damage**,

caused by an **underinsured motor vehicle**, is subject to a one hundred dollar ($100) deductible.

D. No one will be entitled to receive duplicate payment for the same elements of damages.

**OTHER INSURANCE**

If there is other applicable insurance available under one or more policies or provisions of coverage:

1. Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.
2. Any insurance **we** provide with respect to a vehicle **you** do not own shall be excess over any collectible insurance providing coverage on a primary basis.
3. If the coverage under this policy is provided:
   a. on a primary basis, **we** will pay only **our** share of the damages that must be paid under insurance coverage on a primary basis. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.
   b. on an excess basis, **we** will pay only **our** share of the damages that must be paid under insurance providing coverage on an excess basis. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits of liability for coverage provided on an excess basis.

**ARBITRATION**

A. If **we** and the **insured** disagree:

1. to the extent to which the **insured** is legally entitle to recover damages from the owner or operator of an **underinsured motor vehicle** (i.e., issues of liability); or
2. as to the amount of damages sustained by the **insured**,

then either party may propose arbitration.

Both **we** and the **insured** must agree to arbitration.

This arbitration shall be limited to the two aforementioned factual issues. The arbitrator will not have the power to decide any dispute regarding the nature or amount of coverage provided by the policy or claims for damages outside the terms for the policy including, but not limited to, claims for: bad faith; fraud; misrepresentation, punitive or exemplary damages; attorney fees and/or interest.

B. If **we** and the **insured** agree to arbitration, unless otherwise required by state law, the method, manner and format of any arbitration process will be subject to agreement by both parties.

C. The expense of the arbitrator and all other direct expenses of arbitration will be paid by **us**. Attorney fees and fees paid to medical and other expert witnesses are not expenses of arbitration and will be paid by the party incurring them.

D. The written decision by the arbitrator(s) shall be binding on **us** and the **insured**, subject to the terms of the policy.

**PART D - COVERAGE FOR DAMAGE TO YOUR AUTO**

**INSURING AGREEMENT**

Part A. of the **INSURING AGREEMENT** is deleted and replaced with the following:

A. If **you** pay a premium for this coverage, **we** will pay for direct and accidental **loss** to **your covered auto** or any **non-owned auto**, including their equipment. **We** will pay for **loss** to **your covered auto** caused by:

1. **Collision** only if the Declarations indicate that Collision Coverage is provided for that **auto.**
2. **Other Than Collision** only if the Declarations indicate that Other Than Collision Coverage is provided for that **auto**.

If there is a **loss** to a **non-owned auto, we** will provide the broadest coverage applicable to any of **your covered autos** shown in the Declarations provided the **non-owned auto** would be eligible for coverage pursuant to **our** underwriting criteria.

**Our** payment will be reduced by any deductible shown in the Declarations.

**EXCLUSIONS**

The following exclusions are added to the **EXCLUSION** section of PART D:

16. **loss** to **your covered auto** or any **non-owned auto** caused directly or indirectly by any of the following: (a) water leakage or seepage; (b) wet or dry rot; (c) rust or corrosion; (d) dampness of atmosphere or extremes of temperature; (e) deterioration or disintegration; or (f) delamination unless caused by any other **loss** covered under this PART D.
17. **loss** to **your covered auto** or any **non-owned auto** caused directly or indirectly by mold, mildew, fungus or other microbes, including any type or form of: (a) decomposing or disintegrating organic material; (b) organic surface growth on moist, damp, or decaying matter; (c) yeast or spore bearing plant-like organism; or (d) spores, scents, toxins, mycotoxins, bacteria, viruses, or any other by-products produced or released by any mold, mildew, fungus or other microbes. However, this exclusion does not apply to **loss** caused by mold, mildew or fungus, if such **loss** is caused by any other **loss** covered in this PART D.

**LIMIT OF LIABILITY**

The following paragraphs of the **LIMIT OF LIABILITY** are deleted and replaced with the following:

Paragraph B of the **LIMIT OF LIABILITY** section is deleted and replaced as follows:

a. an adjustment for **depreciation** and physical condition will be made in determining **actual cash value** in the event of a total **loss**.

b. if a repair or replacement results in better than like kind or quality, **we** will not pay for the amount of the betterment.

Subject to the provisions of this section, deductions for betterment and **depreciation** will be taken only on parts normally subject to repair and replacement during the useful life of **your covered auto**. Deductions for betterment and **depreciation** shall be limited to the lesser of:

a. an amount equal to the proportion that the expired life of the part to be repaired or replaced bears to the normal useful life of that part; or

b. the amount which the resale value of the vehicle is increased by the repair or replacement.

Paragraph B of the **APPRAISAL** section is deleted and replaced as follows:

B. Neither **we** nor **you** waive any rights under this policy by agreeing to an appraisal.

**PART E - DUTIES AFTER AN ACCIDENT OR LOSS - FILING A CLAIM**

The **ADDITIONAL DUTIES FOR UNINSURED MOTORISTS COVERAGE** provision is deleted and replaced with the following:

**ADDITIONAL DUTIES FOR UNDERINSURED MOTORISTS COVERAGE.**

A person seeking Underinsured Motorists Coverage must also in addition to the duties stated above:

1. notify the police as soon as possible of any **accident**.
2. notify the police within 72 hours of an **accident** if a hit-and-run or unknown driver is involved.
3. serve a copy of any legal action and all pleadings on **us** as required by law.
4. promptly notify **us** of a tentative settlement between the **insured** and the insurer of the **underinsured motor vehicle** and allow **us** a reasonable time to advance payment to that **insured** in an amount equal to the tentative settlement to preserve **our** rights against the insurer, owner or operator of such **underinsured motor vehicle**. However, this Paragraph (4.) does not apply if failure to notify **us** does not prejudice **our** rights against the insurer, owner, or operator of such **underinsured motor vehicle**.

**PART F - GENERAL PROVISIONS**

A. Section A. 4. under **OUR RIGHT TO RECOVER PAYMENT** is deleted and replaced by the following:

4. take the necessary or appropriate action, through a representative designated by **us**, to recover payment as damages from the responsible person or organization. If there is a recovery and the **insured** or a claimant benefits from the recovery, any reimbursement out of the recovery for expenses, costs and attorney's fees incurred in connection with this recovery shall be shared with the **insured** or claimant in the same proportion in which the parties were reimbursed.

B. The following is added to **THE OUR RIGHT TO RECOVER PAYMENT** provision:

C. **We** shall be entitled to a recovery under paragraph A. or B. only after the person has been fully compensated for damages.

D. **Our** rights do not apply under Paragraph A with respect to Underinsured Motorists Coverage if **we**:

1. have been given prompt written notice of a tentative settlement between an **insured** and the insurer of an **underinsured motor vehicle**; and
2. fail to advance payment to the **insured** in an amount equal to the tentative settlement within a reasonable time after receipt of notification.

If **we** advance payment to the **insured** in an amount equal to the tentative settlement within a reasonable time after receipt of notification:

1. that payment will be separate from any amount the **insured** is entitled to recover under the provisions of Underinsured Motorists Coverage; and
2. **we** also have a right to recover the advanced payment.

C. Paragraph A of the **TERMINATION-CANCELLATION, NONRENEWAL, AUTOMATIC TERMINATION, DISHONORED/INSUFFICIENT CHECKS, CREDIT CARDS, DRAFT OR OTHER REMITTANCE, OTHER TERMINATION PROVISIONS** is deleted and replaced as follows:

A. Cancellation. This policy may be cancelled during the policy period as follows:

1. The named **insured** shown in the Declarations may cancel by:

a. returning this policy to **us**; or

b. giving **us** written notice; or

c. giving **us** verbal notice;

prior to or on the date cancellation is to take effect. If **you** choose to cancel this policy by

giving **us** verbal notice, **you** must provide **us** a written confirmation within 14 days after the verbal notice is given.2. **We** may cancel by mailing to the named insured shown in the Declarations at the address shown in this policy:

a. at least 10 days' notice if cancellation is for nonpayment of premium; or

b. at least 20 days' notice in all other cases.

Notice will include the reason for the cancellation.

3. After this policy is in effect for 60 days, or if this is a renewal or continuation policy, **we** will cancel only:

a. for nonpayment of premium; or

b. if **your** driver's license or that of any driver who customarily uses **your covered auto** has been suspended or revoked. This must have occurred:

(1) during this policy period; or

(2) if this is a renewal or continuation policy, during the policy period of the 180 days immediately preceding the effective date of the renewal or continuation policy.

D. Paragraph C - Automatic Termination of the **TERMINATION-CANCELLATION, NONRENEWAL, AUTOMATIC TERMINATION, DISHONORED/INSUFFICIENT CHECKS, CREDIT CARDS, DRAFT OR OTHER REMITTANCE, OTHER TERMINATION PROVISIONS** is deleted and replaced as follows:

C. Automatic Termination

If **we** offer to renew or continue and **you** or **your** representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that **you** have not accepted **our** offer.

E. Subparagraph 4. of Paragraph E - Other Termination Provisions in the **TERMINATION-CANCELLATION, NONRENEWAL, AUTOMATIC TERMINATION, DISHONORED/INSUFFICIENT CHECKS, CREDIT CARDS, DRAFT OR OTHER REMITTANCE, OTHER TERMINATION PROVISIONS** is deleted and replaced as follows:

4. If this policy is canceled, **you** may be entitled to a premium refund. If so, **we** will send **you** the refund. The premium refund, if any, will be computed on a pro rata basis. However, making or offering to make the refund is not a condition of cancellation.

**Integon Preferred Insurance Company**

This Endorsement Applies Only If
Form Number 10053 (02012013) Appears in the Declarations.

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# BROADFORM NAMED OPERATOR ENDORSEMENT

Coverage is provided under this endorsement only when noted in the Declarations of this policy.

All the provisions of this policy apply to the coverage provided by this endorsement except as modified herein.

## DEFINITIONS

The **DEFINITIONS** section is amended as follows:

Definition A in **your** policy and in the Amendment of Policy Provisions – Washington endorsement is deleted and replaced with the following:

A. Throughout this policy, **"you** and **"your"** refer only to the **named insured**.

Definition Q in **your** policy and in the Amendment of Policy Provisions – Washington endorsement is deleted and replaced with the following:

Q. **"Your covered auto"** means:

   1. a private passenger **auto**, van or pickup truck which **you** own that has a Gross Vehicle Weight as specified by the manufacturer of less than 10,000 pounds; and

   2. a **non-owned auto**;

   that are not used for **business**.

The following definitions are added:

R. **"Named insured"** means: the person listed in the Declarations page under the heading "Named Insured".

S. **"Non-owned auto"** means: a private passenger **auto**, van or pickup truck which **you** are using with the owner's permission and within the scope of that permission that:

   1. has a Gross Vehicle Weight as specified by the manufacturer of less than 10,000 pounds;

   2. is not owned or leased by **you**; and

   3. is not hired or rented by **you** or a **family member**.

## PART A - LIABILITY COVERAGE

## INSURING AGREEMENT

Paragraph A of the **INSURING AGREEMENT** in **your** policy and in the Amendment of Policy Provisions – Washington endorsement is deleted and replaced with the following**:**

A. If **you** pay a premium for this coverage, **we** will pay damages, except punitive or exemplary damages, for which **you** are legally liable because of **bodily injury** or **property damage** caused by an **auto accident** arising out of **your** use of **your covered auto**. Damages include prejudgment interest awarded against the **insured** subject to **our** limit of liability for this coverage.

   **We** will settle or defend, as **we** consider appropriate, any claim or suit asking for these damages. If **we** defend, **we** will choose the counsel of **our** choice which may include an in-house counsel. In addition to **our** limit of liability, **we** will pay all defense costs **we** incur.

   **Our** duty to settle or defend ends when **our** limit of liability has been exhausted through settlement or payment toward any judgment rendered against the **insured** or **we** obtain permission from the **insured** to be relieved of **our** duty to settle or defend. **We** have no duty to defend any suit, settle any claim or pay any judgment for **bodily injury** or **property damage** not covered under this policy.

   This policy covers only **you** while using or operating **your covered auto**. This policy will not cover **your covered auto** while used or operated by any other person regardless of whether **you** have given permission to that person to use or operate **your covered auto**.

The definition of **insured,** as used in PART A – LIABILITY COVERAGE, is deleted and replaced with the following:

B. **"Insured"**, as used in PART A – LIABILITY COVERAGE, means **you** for the operation or use of **your covered auto.**

## EXCLUSIONS

Exclusion A.6. is deleted and replaced with the following:

6. any person while employed or otherwise engaged in the **business** of:

   a. selling;

   b. repairing;

   c. servicing;

   d. storing;

   e. parking;

   f. road testing;

   g. delivering;

   h. leasing; or

   i. washing;

vehicles designed for use mainly on public highways.

Exclusion A.7. is deleted and replaced with the following:

7. maintaining or using any **auto** while that person is employed or otherwise engaged in any **business** not described in Exclusion 6.

The following exclusion is added to section A. of the **EXCLUSIONS** section:

19. **bodily injury** or **property damage** arising out of the ownership, maintenance or use of commercial vehicles being operated for the purpose of carrying passengers for hire.

Exclusions B.1. and B.2. are deleted.

**OTHER INSURANCE**

The **OTHER INSURANCE** provision is deleted and replaced with the following:

Any insurance **we** provide under PART A – LIABILITY COVERAGE shall be excess over any other similar collectible insurance, self-insurance or bond. If this and any other similar insurance or bond provides excess coverage, **we** will pay **our** pro rata share that **our** limits bear to the total limits of all applicable insurance or bonds for coverage provided on an excess basis.

**PART B - MEDICAL PAYMENTS COVERAGE**

This section is deleted. With this endorsement, **your** policy does not provide Medical Payments Coverage.

**PART C - UNDERINSURED MOTORISTS COVERAGE**

**INSURING AGREEMENT**

The **INSURING AGREEMENT** is deleted and replaced with the following

**INSURING AGREEMENT – UNDERINSURED MOTORISTS BODILY INJURY COVERAGE**

If **you** pay a premium for Underinsured Motorists Bodily Injury Coverage, **we** will pay damages, except punitive or exemplary damages, which an **insured** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of **bodily injury**:

1. sustained by an **insured**; and
2. caused by an **auto accident**.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of an **underinsured motor vehicle**.

**INSURING AGREEMENT – UNDERINSURED MOTORISTS PROPERTY DAMAGE COVERAGE**

If **you** pay a premium for Underinsured Motorists Property Damage Coverage, **we** will pay damages, except punitive or exemplary damages, which an **insured** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of **property damage** caused by an **auto accident**. Underinsured Motorists Property Damage applies only:

1. if **you** have purchased Underinsured Motorists Bodily Injury Coverage; and
2. to an **auto you** own which is insured by **us** for Underinsured Motorists Property Damage Coverage.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of an **underinsured motor vehicle**.

**DEFINITIONS**

The definition of **insured** is deleted and replaced with the following:

A. **"Insured"**, as used in PART C – UNDERINSURED MOTORISTS COVERAGE, means:

   1. **you**; and
   2. any passenger **occupying your covered auto**, for which this coverage has been purchased, if:

      a. such passenger is **occupying your covered auto** with **your** permission; and

      b. **your covered auto** is being operated by **you**.

The following definition of **your covered auto** is added. It only applies to PART C and only for **property damage**.

D. **"Your covered auto"**, as used in PART C – UNDERINSURED MOTORISTS COVERAGE, means physical injury to an **auto you** own which is insured by **us** for Underinsured Motorists Property Damage Coverage. **Property damage** does not include loss of use nor does it include damage, destruction to, or **loss** of, personal effects. This definition of **your covered auto** only applies to **property damage**.

**EXCLUSIONS**

Exclusion 4 is deleted and replaced with the following:

4. while operating or **occupying** a motorcycle or motor driven cycle, an All Terrain Vehicle or golf cart.

Exclusion 5. is deleted.

The following exclusions are added:

6. while operating a commercial vehicle carrying passengers for hire.
7. any person while employed or otherwise engaged in the **business** of:

   a. selling;

   b. repairing;

   c. servicing;

   d. storing;

e. parking;

f. road testing;

g. delivering;

h. leasing; or

i. washing;

vehicles designed for use mainly on public highways.

8. maintaining or using any **auto** while that person is employed or otherwise engaged in any **business** not described in Exclusion 7.

9. while operating, **occupying** or when struck by any motor vehicle owned by, furnished to, or available for the regular use of **you** or a **family member** which is not insured for Underinsured Motorists Coverage under this policy. This includes a **trailer** of any type used with that motor vehicle.

**PART D - COVERAGE FOR DAMAGE TO YOUR AUTO**

PART D – COVERAGE FOR DAMAGE TO YOUR AUTO is deleted. With this endorsement, **your** policy does not provide Collision Coverage or Other Than Collision Coverage to **your covered auto** including any equipment.

**PART E - DUTIES AFTER AN ACCIDENT OR LOSS FILING A CLAIM**

Part E is amended as follows:

**ADDITIONAL DUTIES FOR COVERAGE FOR DAMAGE TO YOUR AUTO** is deleted. With this endorsement, **your** policy does not provide Collision Coverage or Other Than Collision Coverage to **your covered auto** including any equipment.

**PERSONAL INJURY PROTECTION COVERAGE - WASHINGTON**

The PERSONAL INJURY PROTECTION COVERAGE – WASHINGTON endorsement is amended as follows:

**DEFINITIONS**

The following definition is deleted and replaced as follows:

5. **"Insured auto"** means an **auto you** own.



# Personal Auto Policy

## We know how important it is for you to stay on the move.

**Detroit, Michigan**
CIM Insurance Corporation
MIC Property and Casualty Insurance Corporation
Motors Insurance Corporation

**St. Louis, Missouri**
GMAC Direct Insurance Company
GMAC Insurance Company Online, Inc.
MIC General Insurance Corporation
National General Insurance Company
National General Assurance Company

**Winston-Salem, North Carolina**
Integon Casualty Insurance Company
Integon General Insurance Corporation
Integon Indemnity Corporation
Integon National Insurance Company
Integon Preferred Insurance Company
Integon Specialty Insurance Company
New South Insurance Company

**GMAC Insurance**

## PERSONAL AUTOMOBILE POLICY – 6266 (08012001)

**AGREEMENT**

This policy is issued and renewed in reliance upon the truth and accuracy of the representations made in the application for this insurance. The terms of this policy impose obligations on all persons defined as **you**. The responsibilities, acts and/or omissions, in connection with this insurance, of any person defined as **you** shall be binding upon all other persons defined as **you**.

In return for payment of the premium and subject to all the terms of this policy, **we** agree with **you** as follows:

**DEFINITIONS**

A. Throughout this policy, **"You"** and **"Your"** refer to:
   1. the named insured shown in the Declarations; and
   2. the spouse if a resident of the same household.
   3. an individual who:
      a. is a resident of the named insured's household; and
      b. who co-owns one or more vehicles insured under this policy with the named insured or resident spouse; and
      c. is not a **family member**.

B. **"We," "us"** and **"our"** refer to the Company shown in the Declarations as providing this insurance.

C. For purposes of this policy, a private passenger type **auto** shall be deemed to be owned by a person if leased:
   1. under a written agreement to that person; and
   2. for a continuous period of at least 6 months.

The following words or phrases, when printed in bold-faced type or in quotation marks, are defined as follows:

D. **"Accident"** means: a sudden, unexpected and unintended event arising out of the ownership, maintenance or use of an **auto** that results in a claim for damages either by an **insured** or against an **insured** under the terms of **your** policy.

E. **"Actual cash value"** means: the fair market value of the stolen or damaged property at the time of **loss**.

F. **"Auto"** means: a land motor vehicle having more than three loadbearing wheels and which is required to be registered under the laws relating to motor vehicles designed primarily for operation upon: the public streets roads and highways; and driven by power other than muscular power.

G. **"Bodily injury"** means: bodily harm, sickness or disease, including death that results therefrom. **Bodily injury** does not include harm, sickness, disease or death arising out of a medically defined communicable disease contracted by any person nor the exposure of such a disease by any person to any other person.

H. **"Business"** means: trade, profession or occupation.

I. **"Depreciation"** means: decline of value due to wear and tear or obsolescence.

J. "**Diminution in value**" means: the actual or perceived reduction, if any, in the **actual cash value** by reason of the fact that the property has been damaged and repaired.

K. "**Family member**" means: a person related to **you** by blood, marriage or adoption who is a resident of **your** household. This includes a ward or foster child or stepchild.

L. "**Loss**" means: sudden, direct and accidental destruction or damage. "**Loss**" does not include **diminution in value**.

M. "**Occupying**" means: in; upon; getting into, out of, on or off.

N. "**Property damage**" means: physical injury to, destruction of or loss of use of tangible property.

O. "**Recreational vehicle**" means: a vehicle used primarily for recreational purposes, with permanently installed equipment for cooking and/or sleeping, which is:
1. a self-propelled motor home;
2. a van conversion;
3. a travel trailer; or
4. a camper body which is designed and constructed to be used with a pickup truck.

P. "**Trailer**" means: a non-powered vehicle, including a farm wagon or farm implement, designed to be pulled on public roads by a:
1. private passenger **auto**; or
2. **recreational vehicle**.

Q. "**Your covered auto**" means:
1. any **auto** shown in the Declarations.
2. any of the following types of vehicles on the date **you** become the owner, but only if **you** have asked **us** to insure it as set forth below:
   a. a private passenger **auto** that has a Gross Vehicle Weight as specified by the manufacturer of less than 10,000 pounds;
   b. a **recreational vehicle**; or
   c. a vehicle with a Gross Vehicle Weight of 10,000 pounds or more used exclusively to tow **your recreational vehicle** for personal recreational use.

   If the **auto you** acquire replaces an **auto** shown in the Declarations, it will have the same coverage as the **auto** it replaced, if **you**:
   a. acquire the **auto** during the policy period; and
   b. ask **us** to insure it within 30 days after **you** become the owner; and
   c. it is not insured under any other **auto** insurance policy.

   If **you** do not notify **us** within the time limit noted in b., no coverage exists for the replacement **auto**.

   If the **auto you** acquire is in addition to any shown in the Declarations, it will have the broadest coverage **we** now provide for any **auto** shown in the Declarations, if **you**:
   a. acquire the **auto** during the policy period; and
   b. ask **us** to insure it within 30 days after **you** become the owner; and
   c. it is not insured under any other **auto** insurance policy.

If **you** do not notify **us** within the time limit noted in b., no coverage exists for the newly acquired **auto**.

3. Any **trailer you** own:
   a. while attached to **your covered auto**; and
   b. not used in a **business**; and
   c. that is not insured under any other **auto** insurance policy.

   However, if the **trailer** is a **recreational vehicle**, or is designed to be pulled by a **recreational vehicle**, item 3. a. above does not apply.

4. Any **auto** or **trailer** not owned by **you**, while used on a temporary basis as a substitute for any other **auto** described in this definition, which is out of normal use because of its:
   a. breakdown;
   b. repair;
   c. servicing;
   d. loss; or
   e. destruction.

## PART A > LIABILITY COVERAGE

**INSURING AGREEMENT**

A. If **you** pay a premium for this coverage, **we** will pay damages, except punitive or exemplary damages, for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an **auto accident**. Damages include prejudgment interest awarded against the **insured** subject to **our** limit of liability for this coverage. **We** will settle or defend, as **we** consider appropriate, any claim or suit asking for these damages. If **we** defend, **we** will choose the counsel of **our** choice, which may include an in-house counsel. In addition to **our** limit of liability, **we** will pay all defense costs **we** incur. **Our** duty to settle or defend ends when **we** offer to pay and pay **our** limit of liability for this coverage. **We** have no duty to defend any suit, settle any claim or pay any judgment for **bodily injury** or **property damage** not covered under this policy.

B. "**Insured**" as used in Part A means:
   1. **you** or any **family member** for the ownership, maintenance or use of any **auto** or **trailer**, with the owner's permission.
   2. any person using **your covered auto** with **your** permission.
   3. for **your covered auto**, any person or organization other than 1. and 2. above. This provision applies only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.
   4. For any **auto** or **trailer**, other than **your covered auto**, any person or organization other than 1. and 2. above. This provision applies only with respect to legal responsibility for acts or omissions of **you** or any **family member** for whom coverage is afforded under this Part. This provision applies only if the person or organization does not own or hire the **auto** or **trailer**.

**SUPPLEMENTARY PAYMENTS**

In addition to **our** limit of liability, **we** will pay on behalf of an **insured**:

1. up to $300 for the cost of bail bonds required because of traffic law violations resulting from an **auto accident**. The **auto accident** must result in **bodily injury** or **property damage** covered under this policy. **We** have no obligation to apply for or furnish a bond.

2. premiums on appeal bonds and bonds to release attachments in any suit **we** defend and **we** choose to appeal.
3. for damages covered under this policy, interest accruing after a judgment is entered in any suit **we** defend. **Our** duty to pay interest ends when **we** offer to pay that part of the judgment which does not exceed **our** limit of liability for this coverage.
4. reasonable loss of wages, up to $50 per day, because of attendance at hearings, proceedings, or trials at **our** request. This does not include other types of income.
5. reasonable expenses for emergency first aid **you** administer to others at the scene of an **accident** involving any **auto** covered by this policy.
6. other reasonable expenses incurred at **our** request.

**EXCLUSIONS**

A. Coverage under this Part A, including **our** duty to defend, does not apply to:
   1. **bodily injury** or **property damage** caused intentionally by or at the direction of an **insured**.
   2. **property damage** to property owned or being transported by an **insured**.
   3. **property damage** to property:
      a. rented to;
      b. used by; or
      c. in the care, custody, or control of;

      an **insured**.

      This exclusion does not apply to **property damage** to a rented residence or rented private garage caused by **your covered auto**.
   4. **bodily injury** to an employee or fellow employee of any **insured** arising out of the course of employment. This exclusion does not apply to **bodily injury** to a domestic employee unless Workers' Compensation benefits, disability benefits or similar benefits are required or available for that domestic employee.
   5. liability arising out of the ownership or operation of an **auto** while it is being used to carry persons or property for compensation or a fee. This exclusion does not apply to a share-the-expense car pool.
   6. any person while employed or otherwise engaged in the **business** of:
      a. selling;
      b. repairing;
      c. servicing;
      d. storing;
      e. parking;
      f. road testing;
      g. delivering;
      h. leasing; or
      i. washing;

      vehicles designed for use mainly on public highways.

      However, coverage does apply to **you**, a **family member**, or any partner, agent or employee of **you** or a **family member** when using **your covered auto**.
   7. maintaining or using any **auto** while that person is employed or otherwise engaged in any **business** not described in Exclusion 6. If a **business** or artisan use is noted in the Declarations for an **auto** shown in the Declarations, this exclusion does not apply to: the ownership; maintenance; or use of that **auto** by:
      a. **you**;
      b. any **family member**; or
      c. any partner, agent or employee of **you** or any **family member**.

8. any person using an **auto** beyond the scope of the owner's express or implied permission.

9. **bodily injury** or **property damage** for which an **insured**:
   a. is an insured under a nuclear energy liability policy; or
   b. would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

   For the purpose of this exclusion, a nuclear energy liability policy means a policy issued by any of the following or their successors:
   a. Nuclear Energy Liability Insurance Association;
   b. Mutual Atomic Energy Liability Underwriters; or
   c. Nuclear Insurance Association of Canada.

10. **bodily injury** or **property damage** arising out of the ownership, maintenance or use of:
    a. a motorcycle or any motorized vehicle having fewer than four wheels or more than six wheels; or
    b. an all-terrain vehicle regardless of the number of wheels it has; or
    c. any self-propelled vehicle not licensed for use on public roads; or
    d. any vehicle weighing 10,000 or more pounds other than **your covered auto**.

11. **bodily injury** or **property damage** arising out of any person's liability for the ownership, maintenance, or use of **your covered auto** when it:
    a. is being rented or leased to others; or
    b. has been sold to another; or
    c. is under a conditional sales agreement by **you** to another.

12. **bodily injury** or **property damage** arising out of the ownership, maintenance, or use of an **auto** while it is being operated in or while in practice or preparation for any prearranged or organized:
    a. race event;
    b. hill climb;
    c. demonstration;
    d. speed contest;
    e. stunting contest; or
    f. performance contest.

13. **bodily injury** or **property damage** for which the United States Government is held responsible under the Federal Tort Claims Act.

14. **bodily injury** or **property damage** arising out of any liability assumed by an **insured** under any contract or agreement.

15. **bodily injury** or **property damage** to any person while **occupying** any **auto**:
    a. being used in unlawful activity (other than a traffic violation), illicit trade or transportation; or
    b. used or operated in an attempt to flee a law enforcement agent;

    and such person is a willing participant in such activity listed in a. or b. above.

16. **bodily injury** or **property damage** caused by or any consequence of any:
    a. war, whether declared or undeclared;
    b. civil war;
    c. insurrection;
    d. rebellion or revolution;
    e. radioactive contamination;
    f. nuclear reaction or radiation, whether controlled or uncontrolled or however caused.

17. **bodily injury** or **property damage** arising out of the ownership, maintenance or use of **your covered auto** as a residence or premises.

B. **We** do not provide Liability Coverage for the ownership, maintenance, or use of:
   1. any **auto**, other than **your covered auto**, which is:
      a. owned by **you**; or
      b. furnished or available for **your** regular use.
   2. any **auto**, other than **your covered auto**, which is:
      a. owned by any **family member**; or
      b. furnished or available for the regular use of any **family member**.

   However, this exclusion, B.2., does not apply to **you**.

**LIMIT OF LIABILITY**

A. The limit of liability shown in the Declarations for each person for Bodily Injury Liability Coverage is **our** maximum limit of liability for all damages for **bodily injury**, sustained by any one person in any one **auto accident**. This includes all derivative claims arising out of said **bodily injury**. Derivative claims include, but are not limited to, damages for care; death; loss of service; loss of consortium; loss of society or companionship. Subject to this limit for each person, the limit of liability shown in the Declarations for each **accident** for Bodily Injury Liability Coverage is **our** maximum limit of liability for all damages for **bodily injury** resulting from any one **auto accident**. This includes all derivative claims arising out of said **bodily injury**. Derivative claims include, but are not limited to, damages for care; death; loss of service; loss of consortium; loss of society or companionship. The limit of liability shown in the Declarations for each **accident** for Property Damage Liability Coverage is **our** maximum limit of liability for all damages to all property resulting from any one **auto accident**. The limit of liability shown in the Declarations is the most **we** will pay under Bodily Injury Liability Coverage or Property Damage Liability Coverage, whichever is applicable, as a result of any one **auto accident** regardless of the number of:
   1. **insureds**;
   2. claims made;
   3. **autos** or premiums shown in the Declarations;
   4. vehicles involved in the **accident**;
   5. premiums paid; or
   6. lawsuits brought.

   An **auto** and attached **trailer** are considered one **auto**. Therefore, the limit of liability will not be increased for an **accident** involving an **auto** with an attached **trailer**.

B. Any amount payable under this coverage to or for an injured person will be reduced by any payment made to that person under any Medical Payments, Uninsured or Underinsured Motorists, Personal Injury Protection or No Fault coverage.

C. No one will be entitled to receive duplicate payments for the same elements of damage.

**OUT OF STATE COVERAGE**

If an **auto accident** to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, **we** will interpret **your** policy for that **auto accident** as follows:

If the state or province has:
   1. a financial responsibility or similar law specifying limits of liability for **bodily injury** or **property damage** higher than the limit shown in the Declarations, **your** policy will provide the higher specified limit.

2. a compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses an **auto** in that state or province, **your** policy will provide at least the required minimum amounts and types of coverage.

**FINANCIAL RESPONSIBILITY REQUIRED**

When this policy is certified as proof of financial responsibility, this policy will comply with the law to the extent required. If **we** make a payment for an **accident** which is not covered under the terms of this policy, but which **we** paid solely to comply with the terms of a financial responsibility certification, **you** must reimburse **us** to the extent of such payment.

**OTHER INSURANCE**

If there is other applicable liability insurance or bond, **we** will pay only **our** share of the damages. **Our** share is the proportion that **our** limit bears to the total of all applicable limits. However, any insurance **we** provide for an **auto you** do not own shall be excess over any other collectible insurance, self insurance or bond.

## PART B > MEDICAL PAYMENTS COVERAGE

**INSURING AGREEMENT**

A. Subject to the limit of liability shown in the Declarations, if **you** pay a premium for Medical Payments Coverage, **we** will pay reasonable expenses incurred for necessary medical and funeral services because of **bodily injury**:
   1. caused by an **auto accident**; and
   2. sustained by an **insured**.

**We** will pay only those medical and funeral expenses incurred within 3 years from the date of the **accident**.

B. "**Insured**" as used in Part B means:
   1. **you** or any **family member**:
      a. while **occupying** a motor vehicle; or
      b. as a pedestrian when struck by a motor vehicle designed for use mainly on public roads or a **trailer** of any type.
   2. any other person while **occupying your covered auto** when **your covered auto** is being used within the scope of **your** permission.

**EXCLUSIONS**

**We** do not provide Medical Payments Coverage for any person for **bodily injury**:

1. arising out of the ownership or operation of an **auto** while it is being used to carry persons or property for compensation or a fee. This exclusion does not apply to a share-the-expense car pool.
2. occurring during the course of employment if Worker's Compensation benefits are required or available for the **bodily injury**.
3. sustained while **occupying** any **auto**, other than **your covered auto**, which is:
   a. owned by **you**; or
   b. furnished or available for **your** regular use.
4. sustained while **occupying** any **auto**, other than **your covered auto**, which is:
   a. owned by any **family member**; or
   b. furnished or available for the regular use of any **family member**.

   However, this Exclusion 4. does not apply to **you**.

5. sustained while **occupying** any **auto** being used beyond the scope of the owner's express or implied permission.

6. resulting from the maintenance or use of any **auto** while that person is engaged in the **business** of:
   a. selling;
   b. repairing;
   c. servicing;
   d. storing;
   e. parking;
   f. road testing;
   g. delivering;
   h. leasing, or
   i. washing;

   vehicles designed for use mainly on public highways.

   However, coverage does apply to **you**, a **family member** or any partner, agent or employee of **you** or a **family member** when using **your covered auto**.

7. resulting from the maintenance or use of any **auto** while that person is employed or otherwise engaged in any **business** not described in Exclusion 6. If a **business** or artisan use is noted in the Declarations for an **auto** shown in the Declarations, this exclusion does not apply to:
   a. **you**; or
   b. any **family member**; or
   c. any partner or employee of **you** or any **family member**.

8. caused by or as a consequence of:
   a. war, whether declared or undeclared;
   b. civil war;
   c. insurrection;
   d. rebellion or revolution;
   e. radioactive contamination;
   f. nuclear reaction or radiation, whether controlled or uncontrolled or however caused.

9. sustained while **occupying**:
   a. a motorcycle or any motorized vehicle having fewer than four wheels or more than six wheels; or
   b. an all-terrain vehicle regardless of the number of wheels it has; or
   c. any self-propelled vehicle not licensed for use on public roads; or
   d. any vehicle weighing 10,000 or more pounds other than **your covered auto**.

10. resulting from ownership, maintenance, or use of an **auto** while it is being operated in or while in practice or preparation for any prearranged or organized:
    a. race;
    b. hill climb;
    c. demonstration;
    d. speed contest;
    e. stunting contest; or
    f. performance contest.

11. sustained while **occupying** any vehicle located for use as a residence or premises.

12. intentionally caused by that person or reasonably expected to result from an intentional act by that person.

13. sustained while **occupying** any **auto**:
    a. being used in unlawful activity (other than a traffic violation), illicit trade or transportation; or
    b. used or operated in an attempt to flee a law enforcement agent;

    and such person is a willing participant in such activity listed in a. or b. above.

**LIMIT OF LIABILITY**

A. The limit of liability shown in the Declarations for this coverage is **our** maximum limit of liability for each person injured in any one **accident** regardless of the number of:

1. **insureds**;
2. claims made;
3. **autos** or premiums shown in the Declarations;
4. vehicles involved in the **accident**;
5. premiums paid; or
6. lawsuits brought.

B. Any amounts payable for expenses under this coverage shall be reduced by any amounts paid or payable for the same expenses under any Auto Liability, Uninsured Motorists, Underinsured Motorists, No Fault or Personal Injury Protection Coverage provided by this policy.

C. When **we** make payment to **you** for any amount due under this Part B, **we** may deduct from the payment any premium or fees that are due and unpaid under this policy.

D. No one will be entitled to receive duplicate payments for the same elements of damage.

**OTHER INSURANCE**

If there is other applicable **auto** medical payments insurance **we** will pay only **our** share of the damages. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. This policy will be excess over any coverage afforded to a permissive user of **your covered auto**. Further, any coverage afforded under this Part B shall be excess over any Personal Injury Protection, No Fault or Workers Compensation benefits required by law.

## PART C > UNINSURED MOTORISTS COVERAGE

**INSURING AGREEMENT**

If **you** pay a premium for this coverage, **we** will pay damages, except punitive or exemplary damages, which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **bodily injury**:

1. sustained by an **insured**; and
2. caused by an **auto accident**.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of an **uninsured motor vehicle**.

**We** will pay under this coverage only after the limits of liability under any applicable liability bonds or policies have been paid.

Any judgment for damages arising out of a lawsuit is not binding on **us** unless **we** have consented in writing to the filing of the lawsuit.

**DEFINITIONS**

A. "**Insured**" as used in this Part means:

1. **you** or any **family member**.
2. any other person **occupying your covered auto** within the scope of **your** express or implied permission.
3. any person for damages that person is legally entitled to recover because of **bodily injury** to which this coverage applies sustained by a person listed in 1. or 2. above.

B. **"Uninsured motor vehicle"** means a land motor vehicle or **trailer**:
   1. not insured by a **bodily injury** liability bond or policy at the time of the **accident**.
   2. insured by a **bodily injury** liability bond or policy which applies at the time of the **accident**, but its limit of liability is less than the minimum limit specified by the Financial Responsibility law of the state in which **your covered auto** is principally garaged.
   3. which is a hit-and-run vehicle whose operator or owner cannot be identified and such operator or owner causes an **accident** resulting in **bodily injury** to an **insured**. If there is no physical contact with the hit-and-run vehicle, the facts of the **accident** must be corroborated by an independent eyewitness other than the person or persons making claim under this or similar coverage.
   4. for which a **bodily injury** liability bond or policy applies at the time of the **accident** but the bonding or insuring company:
      a. denies coverage; or
      b. is or becomes insolvent.

   However, **"uninsured motor vehicle"** does not include any vehicle or equipment:
   1. owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.
   2. owned by:
      a. The United States of America;
      b. Canada;
      c. a state;
      d. any other governmental entity or unit; or
      e. an agency of a., b., c., or d. above.
   3. operated on rails or crawler treads.
   4. which is designed mainly for use off public roads while not on public roads.
   5. while located for use as a residence or premises.
   6. owned by or furnished or available for the regular use of **you** or any **family member**.
   7. which is insured for coverage under Part A of this policy.

**EXCLUSIONS**

A. **We** do not provide Uninsured Motorists Coverage for **bodily injury** sustained by any **insured**:

   1. if that person or the legal representative settles the **bodily injury** claim without **our** written consent.
   2. while **occupying your covered auto** while it is being used to carry persons or property for compensation or a fee. This exclusion does not apply to a share-the-expense car pool.
   3. using or **occupying** an **auto** beyond the scope of the owner's express or implied permission.
   4. while **occupying** any **auto**:
      a. being used in any unlawful activity (other than a traffic violation), illicit trade or transportation; or
      b. used or operated in an attempt to flee a law enforcement agent;

      and such person is a willing participant in such activity listed in a. or b. above.
   5. when caused by the use of firearms or any other weaponry.

B. This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:
   1. workers' compensation law; or
   2. disability benefits law.

**LIMIT OF LIABILITY**

A. The limit of **bodily injury** liability shown in the Declarations for each person for Uninsured Motorists Coverage is **our** maximum limit of liability for all damages for **bodily injury** sustained by any one person in any one **auto accident**. This includes all derivative claims arising out of said **bodily injury**. Derivative claims include, but are not limited to, damages for care; death; loss of service; loss of consortium; or loss of society or companionship. Subject to this limit for each person, the limit of liability shown in the Declarations for each **accident** for Uninsured Motorists Coverage is **our** maximum limit of liability for all damages for **bodily injury** resulting from any one **auto accident**. This includes all derivative claims arising out of said **bodily injury**. Derivative claims include, but are not limited to, damages for care; death; loss of service; loss of consortium; or loss of society or companionship. The limit of liability shown in the Declarations is the most **we** will pay under Uninsured Motorists Coverage as a result of any one **auto accident** regardless of the number of:
   1. **insureds**;
   2. claims made;
   3. **autos** or premiums shown in the Declarations;
   4. vehicles involved in the **accident**;
   5. premiums paid; or
   6. lawsuits brought.

B. Any amount otherwise payable for **bodily injury** under this coverage shall be reduced by all sums:
   1. paid or payable from or on behalf of persons or organizations who may be legally responsible. This includes all sums paid or payable under Part A; and
   2. paid or payable under any of the following or similar law:
      a. workers' compensation law;
      b. disability benefits law;
      c. personal injury protection or no fault coverage; or
      d. medical expenses coverage.

C. Any payment made under this coverage shall reduce the amount that person is entitled to receive for the same element of damage under any Auto Liability, Medical Payments, Uninsured Motorists, Underinsured Motorists, No Fault or Personal Injury Protection Coverage .

D. No one will be entitled to receive duplicate payment for the same elements of damage.

**OTHER INSURANCE**

If there is other applicable insurance available under one or more policies or provisions of coverage:
   1. Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.
   2. Any insurance **we** provide with respect to a vehicle **you** do not own shall be excess over any collectible insurance providing coverage on a primary basis.
   3. If the coverage under this policy is provided:

a. on a primary basis, **we** will pay only **our** share of the damages that must be paid under insurance coverage on a primary basis. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.
b. on an excess basis, **we** will pay only **our** share of the damages that must be paid under insurance providing coverage on an excess basis. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits of liability for coverage provided on an excess basis.

**ARBITRATION**

A. If **we** and an **insured** disagree:
1. to the extent to which the **insured** is legally entitled to recover damages from the owner or operator of an **uninsured motor vehicle** (i.e., issues of liability); or
2. as to the amount of damages sustained by the **insured**,

then either party may propose arbitration.

Both **we** and the **insured** must agree to arbitration.

This arbitration shall be limited to the two aforementioned factual issues. The Arbitrator will not have the power to decide any dispute regarding the nature or amount of coverage provided by the policy or claims for damages outside the terms of the policy, including, but not limited to, claims for: bad faith; fraud; misrepresentation; punitive or exemplary damages; attorney fees and/or interest.

B. If **we** and an **insured** agree to arbitration, unless otherwise required by state law, the method, manner and format of any arbitration process will be subject to agreement by both parties.

C. In the event arbitration is agreed upon, the costs of the arbitrator(s) will be shared equally by **us** and the **insured**. All other expenses shall be paid by the party which incurs the expense. This includes, but is not limited to, attorney fees and witness fees.

D. The written decision by the arbitrator(s) shall be binding on **us** and the **insured**, subject to the terms of the policy.

## PART D > COVERAGE FOR DAMAGE TO YOUR AUTO

**INSURING AGREEMENT**

A. If **you** pay a premium for this coverage, **we** will pay for direct and accidental **loss** to **your covered auto** or any **non-owned auto**, including their equipment. **We** will pay for **loss** to **your covered auto** caused by:
1. **Collision** only if the Declarations indicate that Collision Coverage is provided for that **auto**.
2. **Other Than Collision** only if the Declarations indicate that Other Than Collision Coverage is provided for that **auto**.

If there is a **loss** to a **non-owned auto**, **we** will provide the broadest coverage applicable to any **your covered auto** shown in the Declarations.

**Our** payment will be reduced by any deductible shown in the Declarations.

B. **"Collision"** means: the upset of **your covered auto** or a **non-owned auto** or its impact with another vehicle or object.

C. "**Other Than Collision**" means: **loss** caused by the following :

1. missiles or falling objects;
2. fire;
3. theft or larceny;
4. explosion or earthquake;
5. windstorm;
6. hail, water or flood;
7. malicious mischief or vandalism;
8. riot or civil commotion;
9. contact with bird or animal; or
10. breakage of glass, except as a result of **collision**.

D. "**Non-owned auto**" means: any private passenger **auto**, pickup, van or **trailer** not owned by or furnished or available for the regular use of **you** or a **family member** while in the custody of or being operated by **you** or any **family member** and while being used within the scope of the owner's express or implied permission.

E. "**Customized equipment and parts**" means: equipment, devices, accessories, changes and enhancements, other than those installed by the original manufacturer, which alter the appearance or performance of an **auto**. This includes, but is not limited to, such items as: body or suspension alterations; custom or special wheels or tires; side exhausts; roll bars; light bars; spoilers; ground effects; bedliners; side exhausts; utility boxes; custom windows; custom painting; murals; decals or graphics and also includes, but is not limited to, such items as any electronic equipment; antennas; and other devices used exclusively to send or receive audio, visual or data signals or play back recorded media; which are permanently installed in **your covered auto** using bolts, brackets or slide-out brackets.

**TOWING AND STORAGE CHARGES**

In addition, after an **auto accident** to which Part D applies, **we** will pay reasonable charges for transporting and storing **your covered auto** or any **non-owned auto** to a repair facility near the location of **loss**.

**TRANSPORTATION AND EMERGENCY TRAVEL EXPENSES**

A. Following Theft **Losses**:

In addition, **we** will pay, without application of a deductible, up to $20 per day, to a maximum of $600 for:

1. transportation expenses incurred from a commercially licensed rental agency by **you** in the event of the total theft of **your covered auto**. This applies only if the Declarations indicate that Other Than Collision is provided for that **auto**.
2. loss of use expenses for which **you** become legally responsible in the event of the total theft of a **non-owned auto**. This applies only if the Declarations indicate that Other Than Collision Coverage is provided for **your covered auto**.

**We** will pay only expenses incurred during the period:

1. beginning 48 hours after the theft; and
2. ending when **your covered auto** or the **non-owned auto** is returned to use or **we** offer to pay for its **loss**.

However, if **you** purchase Rental Reimbursement Coverage with the same or higher limits of coverage than this section provides, then the provisions and limits of the Rental Reimbursement Coverage shall apply to the total theft of **your covered auto** and **non-owned auto**.

Rental Reimbursement Coverage cannot be combined or stacked for any **loss** with the Transportation Expenses Coverage provided under this section.

B. **Losses** Occurring Away from Home:
In the event of a **loss** covered under Part D which causes **your covered auto** to become inoperable more than 100 miles from **your** home, **we** will pay costs **you** incur for: lodging; transportation and meals; up to $100 per day and a maximum of $500, until **your covered auto** is repaired or returned to its principal garaging location. $500 is the most **we** will pay for such expenses regardless of any other emergency expense allowance, additional living expense or transportation expense coverage in **your** policy.

The following supplementary payments are added. They apply only to **your covered auto** that has both Collision and Other Than Collision Coverage as shown by a premium for those coverages in the Declarations. No deductible applies to these payments.

**LOCKSMITH SERVICES**
**We** will pay up to $50 for the expense **you** incur for locksmith's service if **your covered auto's** ignition or door key is lost, stolen, or locked in **your covered auto**.

**THEFT REWARD**
**We** will pay $1,000 to any person providing information which directly results in the conviction of any person(s) involved in the total theft of **your covered auto** or any **non-owned auto**. The total amount **we** will pay for any such conviction is $1,000 regardless of the number of persons who may provide information resulting in any such conviction and regardless of the number of persons convicted of the crime.

**EXCLUSIONS**
**We** will not pay for:

1. **loss** to **your covered auto** or any **non-owned auto** which occurs while it is being used to carry persons or property for compensation or a fee. This exclusion does not apply to a share-the-expense car pool.

2. damage due and confined to:
   a. wear and tear;
   b. freezing;
   c. mechanical or electrical breakdown or failure; or
   d. road damage to tires.

   This exclusion does not apply if the damage results from the total theft of **your covered auto** or any **non-owned auto**.

3. **loss** due to or as a consequence of:
   a. radioactive contamination;
   b. war, whether declared or undeclared;
   c. civil war;
   d. insurrection;
   e. rebellion or revolution; or
   f. discharge of any nuclear weapon, even if accidental.

4. **loss** to a **trailer you** own which is not shown in the Declarations. This exclusion does not apply to a **trailer you**:
   a. acquire during the policy period; and
   b. ask **us** to insure within 30 days after **you** become the owner.

5. **loss** to **your covered auto** or any **non-owned auto** due to forfeiture ordered by the courts or destruction or confiscation by governmental or civil authorities. This exclusion does not apply to the interests of Loss Payees in **your covered auto**.

6. **loss** to **your covered auto** any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in the **business** of:
   a. selling;
   b. repairing;
   c. servicing;
   d. storing;
   e. parking;
   f. road testing; or
   g. delivering;

   vehicles designed for use on public highways.

7. **loss** to **your covered auto** while maintained or used by any person employed or otherwise engaged in any **business** not described in Exclusion 6. If a **business** or artisan use is noted in the Declarations for an **auto** shown in the Declarations, this exclusion does not apply to the ownership, maintenance or use of that **auto** by:
   a. **you**; or
   b. any **family member**.

8. **loss** to **your covered auto** or any **non-owned auto** which occurs while being operated in, or while in practice or preparation for any prearranged or organized:
   a. race;
   b. hill climb;
   c. demonstration;
   d. speed contest;
   e. stunting contest; or
   f. performance contest.

9. **loss** to equipment designed or used for the detection of radar or laser.

10. **loss** to wearing apparel, tools or personal effects.

11. **loss** to tapes, records, compact discs or other media, or any other accessories used with electronic equipment designed to receive or transmit audio, visual or data signals.

12. **loss** due to and resulting from intentional acts committed by **you** or any **family member**.

13. **loss** to, or loss of use of, a **non-owned auto** rented by:
    a. **you**; or
    b. any **family member**;

    if a rental vehicle company is precluded from recovering such **loss** or loss of use, from **you** or that **family member**, pursuant to the provisions of any applicable rental agreement or state law.

14. **loss** to **your covered auto** while it:
    a. is being rented or leased to others;
    b. has been sold to another; or
    c. is under a conditional sales agreement by **you** to another.

15. **loss** to **your covered auto** and its equipment while **you** or any **family member** or anyone driving with express or implied permission from **you** or a **family member**:
    a. is using **your covered auto** in any unlawful activity (other than a traffic violation), illicit trade or transportation; or
    b. using or operating **your covered auto** in an attempt to flee a law enforcement agent;

    and such person is a willing participant in such activity listed in a. or b. above.

**LIMIT OF LIABILITY**

A. **Our** limit of liability for **loss** will be the lesser of the:
   1. **actual cash value**;
   2. amount necessary to repair or, at **our** option, replace the property with other property of like kind and quality less deduction for any applicable **depreciation**; or
   3. stated amount shown in the Declarations, if applicable.

   However, the most **we** will pay for **loss** to any **non-owned auto** which is a **trailer** is $500.

B. 1. An adjustment for **depreciation** and physical condition will be made in determining **actual cash value** in the event of a total **loss**.
   2. If a repair or replacement results in better than like kind or quality, **we** will not pay for the amount of the betterment.

C. Further, if there is a stated amount **you** declared on the application or endorsement for a specific **auto** listed and shown in the Declarations, that stated amount will be the maximum Limit of Liability applicable for **loss** to that **auto**, including its **customized equipment and parts**.

D. In the repair of **your covered auto** or any **non-owned auto** under Part D of this policy, **we** may specify the use of mechanical, non-safety-related automobile parts not made by the original manufacturer. These parts will be at least equal in terms of fit, quality, performance and warranty to the original manufacturer parts they replace.

E. **Customized equipment and parts** - unless **you** pay a premium for Additional Customized Equipment and Parts Coverage, and it is shown in the Declarations or on the applicable schedule, the limit of liability for **loss** to **customized equipment and parts** is the lesser of:
   1. the **actual cash value** of such **customized equipment and parts**, reduced by the applicable deductible and its salvage value if **you** or the owner retain the salvage;
   2. the amount necessary to repair or replace such **customized equipment and parts** with parts of like kind and quality, reduced by the applicable deductible; or
   3. $1,000.

   However, if the **actual cash value** of **your covered auto** without the **customized equipment and parts** is less than $1,000, the most **we** will pay is the **actual cash value** of **your covered auto** unless Additional Customized Equipment and Parts Coverage has been purchased.

F. If **you** pay a premium for Additional Customized Equipment and Parts Coverage and it is shown on the Declaration or on the applicable schedule, the limit of liability for **loss** to the **customized equipment and parts** specifically listed on the application or in the applicable schedule or document will be the lesser of:
   1. the **actual cash value** of the stolen or damaged **customized equipment and parts**;
   2. the amount shown as the declared value of the **customized equipment and parts** in the application or applicable schedule; or
   3. the amount necessary to repair, or at **our** option, replace the property with other like kind and quality **customized equipment and parts**, with deduction for **depreciation**.

G. Our liability for the cost of repairing **your covered auto**, any **non-owned auto** or **customized equipment and parts** is limited to the amount needed to perform physical repairs to the stolen or damaged property. Part D of **your** policy-Coverage for Damage to Your Auto-does not cover, and **we** will not pay for, **diminution in value**.

H. **Our** payment for **loss** will be reduced by any applicable deductible shown in the Declarations for Collision and/or Other Than Collision and/or Additional Customized Equipment and Parts Coverage, if selected.

**PAYMENT OF LOSS**
**We** may pay for the **loss** in money or repair or replace the damaged or stolen property. **We** may, at **our** expense, return any stolen property to:
1. **you**; or
2. the address shown on the Declarations Page of this policy.

If **we** return stolen property, **we** will pay for any direct physical damage to **your covered auto** or any **non-owned auto** or its equipment resulting from the theft, subject to the provisions of the LIMIT OF LIABILITY section. **We** may keep all or part of the property at an agreed or appraised value. **You** do not have the right to abandon salvage to **us**.

When **we** make payment of any amounts due under Part D to **you** or the loss payee, as interests may appear, or to anyone on **your** behalf, **we** may deduct from the payment any premium or fees that are due and unpaid under the policy.

**NO BENEFIT TO BAILEE**
This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

**OTHER SOURCES OF RECOVERY**
If other insurance also covers the **loss**, **we** will pay only **our** share of the **loss**. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. Any applicable deductible of this policy will be taken in a proportionate share based on the applicable deductibles of each policy. However, any insurance **we** provide with respect to a **non-owned auto** shall be excess over any other collectible source of recovery including, but not limited to:
1. any coverage provided by the owner of the **non-owned auto**;
2. any other applicable physical damage insurance; or
3. any other source of recovery applicable to the **loss**.

**APPRAISAL**
A. If **we** and **you** do not agree on the amount of **loss**, either may demand an appraisal of the **loss**. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the **actual cash value** and the amount of **loss**. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
   1. pay its chosen appraiser; and
   2. bear the expenses of the appraisal and umpire equally.

B. **We** do not waive any of **our** rights under this policy by agreeing to an appraisal.

## PART E > DUTIES AFTER AN ACCIDENT OR LOSS FILING A CLAIM

**GENERAL DUTIES**

A. **We** must be notified promptly of how, when and where the **accident** or **loss** happened. Notice should also include the names and addresses of any injured persons and of any witnesses. Failure to give notice as required herein may affect coverage provided under this policy. Failure to comply with any of the duties under this Part E may result in denial of coverage and relieve **us** of all duties to investigate, settle, defend, pay any judgment or otherwise honor any claims made against an **insured**.

B. A person seeking coverage must:
   1. cooperate with **us** in the investigation, settlement or defense of any claim or lawsuit.
   2. promptly send **us** copies of any notices or legal papers received in connection with the **accident** or **loss**.
   3. submit as often as **we** require:
      a. to physical exams by physicians **we** select. **We** will pay for these exams.
      b. to examinations under oath outside the presence of any person other than **your** attorney.
      c. to recorded statements.
   4. authorize **us** to obtain:
      a. medical reports; and
      b. other pertinent records.
   5. submit a sworn statement as proof of **loss** as **we** require.
   6. provide **us** with records and documents **we** request and permit **us** to make copies.
   7. not voluntarily assume any obligation to pay, make any payment or incur any expense, other than to provide first aid to others, for **bodily injury** or **property damage** arising out of an **accident**.

**ADDITIONAL DUTIES FOR UNINSURED MOTORISTS COVERAGE**

A person seeking Uninsured Motorists Coverage must also in addition to the duties stated above:
1. notify the police as soon as possible of any **accident**.
2. notify the police within 24 hours of an **accident** if a hit-and-run or unknown driver is involved.
3. serve a copy of any legal action and all pleadings on **us** as required by law.

**ADDITIONAL DUTIES FOR COVERAGE FOR DAMAGE TO YOUR AUTO**

A person seeking Coverage For Damage To Your Auto must also in addition to the duties stated above:
1. notify the police within 24 hours after discovery of the **loss**, if **your covered auto**, any **non-owned auto**, including their equipment is stolen or vandalized.
2. take reasonable steps after **loss** to protect **your covered auto**, any **non-owned auto**, including their equipment from further **loss**. **We** will pay reasonable expenses incurred to do this.
3. permit **us** to inspect and appraise the damaged property before its repair or disposal.

## PART F > GENERAL PROVISIONS

**ADDITIONAL DEFINITION USED IN THIS PART**
"**Mail**", "**mailing**" or "**mailed**" means:
1. delivery by **us** to any of the following:
   a. United States Postal service;
   b. public or private mail carrier; or
2. sent by **us** through electronic transmission, if not prohibited by state law.

**BANKRUPTCY**
Bankruptcy or insolvency of the **insured** shall not relieve **us** of any obligations under this policy.

**CHANGES**
A. The premium for each of **your covered autos** is based on information **we** have received from **you** or other sources. **You** agree:
   1. that if any of this information material to the development of the policy premium is incorrect, incomplete or changed, **we** may adjust the premium accordingly during the policy period.
   2. to cooperate with **us** in determining if this information is correct and complete.
   3. to advise **us** of any changes such as new drivers, residents of **your** household, garaging location of **your covered auto**, or the way **you** use **your covered auto**.

B. Any adjustment of **your** premium will be made using **our** rules in effect at the time of the change. Premium adjustments may include, but are not limited to, changes in:
   1. **autos** insured by the policy, including changes in use;
   2. drivers;
   3. coverages or coverage limits;
   4. place of principal garaging of insured vehicles;
   5. eligibility for discounts or surcharges or other premium credits or debits; or
   6. other factors permitted by law.

C. **We** may revise **your** policy coverages to provide more protection without additional premium charge. If **we** do this and **you** have the coverage which is changed, **your** policy will automatically provide the additional coverage as of the date the revision is effective in **your** state. This does not apply to changes made with a general program revision that includes both broadening and restrictions in coverage, whether that general program revision is made through introduction of a subsequent edition of **your** policy or an amendatory endorsement. Otherwise, this policy contains all of the coverage agreements between **you** and **us**. Its terms may not be changed or waived except by an endorsement issued by **us**.

**LEGAL ACTION AGAINST US**
A. No legal action may be brought against **us** until there has been full compliance with all the terms of this policy. In addition, under Part A, no legal action may be brought against **us** unless:
   1. **we** agree in writing that the **insured** has an obligation to pay; or
   2. the amount of that obligation has been finally determined by judgment after trial.

B. No person or organization has any right under this policy to bring legal action against **us** or to make **us** a party to any legal proceeding to determine the liability of the **insured**.

**OUR RIGHT TO RECOVER PAYMENT**

A. If **we** make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another, **we** shall be subrogated to that right. That person shall:
   1. do whatever is necessary to enable **us** to exercise **our** rights; and
   2. do nothing after an **accident** or **loss** to prejudice them; and
   3. deliver to **us** any legal papers relating to that recovery; and
   4. take the necessary or appropriate action, through a representative designated by **us**, to recover payment as damages from the responsible person or organization. If there is a recovery, then **we** shall be reimbursed out of the recovery for expenses, costs and attorney's fees incurred in connection with this recovery; and
   5. execute and deliver to **us** any legal instruments or papers necessary to secure the rights and obligations of the **insured** and **us** as established here.

   However, **our** rights under this paragraph A. do not apply under Part D-COVERAGE FOR DAMAGE TO YOUR AUTO of this policy, against any person using **your covered auto**, as defined under that Part, with the express or implied permission of the owner.

B. If **we** make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:
   1. hold in trust for **us** the proceeds of the recovery; and
   2. reimburse **us** to the extent of **our** payment.

**POLICY PERIOD AND TERRITORY**

A. This policy applies only to **auto accidents** or **losses** which occur:
   1. during the policy period as shown in the Declarations; and
   2. within the policy territory.

B. The policy territory is:
   1. the United States of America, its territories or possessions;
   2. Puerto Rico; or
   3. Canada.

   This policy also applies to covered **auto accidents** or covered **losses** while the covered **auto** is being transported between their ports.

**PREMIUM DUE ON POLICIES**

General Motors Corporation or another affiliate of **ours** may provide **you** with a coupon that may be applied toward the premium to purchase a policy issued by **us**.

In addition, General Motors Corporation or another affiliate, including **us**, may:
   1. provide **you** with a coupon that may be applied toward the purchase of a product or service provided through or by General Motors Corporation or another affiliate of **ours**;
   2. make a contribution on **your** behalf to an educational or charitable fund under a program sponsored through or by General Motors Corporation or another affiliate of **ours**; or
   3. make a contribution toward any educational or charitable fund of **your** choice.

**TERMINATION CANCELLATION, NONRENEWAL, AUTOMATIC TERMINATION, DISHONORED/INSUFFICIENT CHECKS, CREDIT CARDS, DRAFT OR OTHER REMITTANCE, OTHER TERMINATION PROVISIONS**

A. Cancellation. This policy may be cancelled during the policy period as follows:

1. The named insured shown in the Declarations may cancel by:
   a. returning this policy to **us**; or
   b. giving **us** advance written notice of the date cancellation is to take effect.

2. **We** may cancel by **mailing** to the named insured shown in the Declarations at the address shown in this policy:
   a. at least 10 days notice:
      (1) if cancellation is for nonpayment of premium; or
      (2) if notice is **mailed** during the first 60 days this policy is in effect and this is not a renewal or continuation policy; or
   b. at least 20 days notice in all other cases.

3. After this policy is in effect for 60 days, or if this is a renewal or continuation policy, **we** will cancel only:
   a. for nonpayment of premium; or
   b. if **your** driver's license or that of:
      (1) any driver who lives with **you**; or
      (2) any driver who customarily uses **your covered auto**; has been suspended or revoked. This must have occurred:
         i. during the policy period; or
         ii. since the last anniversary of the original effective date if the policy period is other than 1 year; or
   c. if the policy was obtained through material misrepresentation.

B. Nonrenewal. If **we** decide not to renew or continue this policy, **we** will **mail** notice to the named insured shown in the Declarations at the address shown in this policy. Notice will be **mailed** at least 20 days before the end of the policy period. Subject to this notice requirement, if the policy period is:

1. less than one year , **we** will have the right not to renew or continue the policy at the end of the policy period.
2. 1 year or longer, **we** will have the right not to renew or continue this policy at each anniversary of its original effective date.

C. Automatic Termination. If **we** offer to renew or continue **your** policy and **you** or **your** representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that **you** have not accepted **our** offer. If **you** obtain other insurance on **your covered auto**, any similar insurance provided by this policy will terminate as to that **auto** on the effective date of the other insurance.

D. Dishonored / Insufficient Checks, Credit Cards, Draft or other Remittance. If **you** pay **your** initial premium for any new policy or any subsequent renewal by check, credit card, draft, or any remittance other than cash, the coverage

offered by this policy is conditioned on the remittance being honored upon presentment for payment. If the check, credit card, draft or other remittance is not honored, then **we** shall be deemed not to have accepted the payment and this policy, if allowed by law, shall be void from inception for a new policy and shall terminate on the renewal date if it is a renewal policy.

E. Other Termination Provisions.
   1. If the law in effect at the time this policy is issued, renewed or continued:
      a. requires a longer notice period;
      b. requires a special form of or procedure for giving notice; or
      c. modifies any of the stated termination reasons; **we** will comply with those requirements.
   2. If not prohibited by state law, **we** may deliver any notice in person instead of **mailing** it.
   3. Proof of **mailing** of any notice shall be sufficient proof of notice.
   4. If this policy is cancelled, the premium refund, if any, will be computed according to **our** manuals. However, making or offering to make the refund is not a condition of cancellation.
   5. The effective date of cancellation stated in the notice shall terminate all coverages under this policy.

**TRANSFER OF YOUR INTEREST IN THIS POLICY**

**Your** rights and duties under this policy may not be assigned without **our** written consent. However, upon the death of the named insured shown in the Declarations, coverage will be provided until the end of the policy period or cancellation date, whichever is earlier, for:

1. the surviving spouse, if a resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Declarations.
2. the legal representative of the deceased person while acting within the scope of duties of a legal representative. This applies only with respect to the representative's legal responsibility to maintain or use **your covered auto**.

**MISREPRESENTATION AND FRAUD**

A. The statements made by **you** in the application are deemed to be representations. If any representation contained in the application is false, misleading or materially affects the acceptance or rating of this risk by **us**, by: direct misrepresentation; omission; concealment of facts or incorrect statements, the coverage provided under this policy may be affected.

B. If any representation contained in any notification of change is false, misleading or materially affects the acceptance or rating of this risk by **us**, by: direct misrepresentation; omission; concealment of facts or incorrect statements, the coverage provided under this policy may be affected.

C. **We** do not provide coverage for any **insured** who has made fraudulent statements or engaged in fraudulent conduct in connection with any **accident** or **loss** for which coverage is sought under this policy.

**UNPAID PREMIUM AND FEES**

When **we** make payment to **you** or the loss payee, as interests may appear, or to anyone on **your** behalf for any first party claim made by **you** under this policy, **we** may deduct from the payment any premium or fees that are due and unpaid under the policy.

**TWO OR MORE AUTO POLICIES**

With respect to any **accident** to which this and any other **auto** policy issued to **you** by **us** applies, the total limit of **our** liability under all the policies shall not exceed the highest applicable limit of liability under any one policy.

**PARTICIPATION CLAUSE**

Having the power and authority to permit policyholders to participate in the profits of the operations, the Board of Directors of the Company, within its discretion and in accordance with the provisions of law, may from time to time make determinations concerning payment of such distributions. When distributions are payable, the Board may make reasonable classifications of policies for such distribution, as well as the conditions governing payment.

6266 (08012001)

In witness whereof, we have caused this policy to be executed and attested, and, if required by state law, this policy shall not be valid unless countersigned by our duly authorized representative.

Gary Kusumi

Sheena E. Poe
Sheena Poe

Countersigned:

By ______________________________

# YOUR PERSONAL AUTO POLICY QUICK REFERENCE

DECLARATIONS PAGE

Your Name, Address, Auto or Trailer, Policy Period, Coverages and Amounts of Insurance

This policy is a legal contract between you and us. These policy provisions, along with statements made at the time of application, the Declarations page, and any endorsements issued, complete this policy.

**Read your policy carefully.** Provisions of this contract and its endorsements (if any) restrict coverage. Be certain you understand all of the coverage terms, the exclusions, and your rights and duties.


**AGREEMENT** ... 1
**DEFINITIONS** ... 1

**PART A > LIABILITY COVERAGE** ... 3
Insuring Agreement ... 3
Supplementary Payments ... 3
Exclusions ... 4
Limit of Liability ... 6
Out of State Coverage ... 6
Financial Responsibility Required ... 7
Other Insurance ... 7

**PART B > MEDICAL PAYMENTS COVERAGE** ... 7
Insuring Agreement ... 7
Exclusions ... 7
Limit of Liability ... 9
Other Insurance ... 9

**PART C > UNINSURED MOTORISTS COVERAGE** ... 9
Insuring Agreement ... 9
Definitions ... 9
Exclusions ... 10
Limit of Liability ... 11
Other Insurance ... 11
Arbitration ... 12

**PART D > COVERAGE FOR DAMAGE TO YOUR AUTO** ... 12
Insuring Agreement ... 12
Towing and Storing Charges ... 13
Transportation and Emergency Travel Expenses ... 13
Locksmith Services ... 14
Theft Reward ... 14
Exclusions ... 14
Limit of Liability ... 16
Payment of Loss ... 17
No Benefit to Bailee ... 17
Other Sources of Recovery ... 17
Appraisal ... 17

**PART E > DUTIES AFTER AN ACCIDENT OR LOSS FILING A CLAIM** ... 18
General Duties ... 18
Additional Duties for Uninsured Motorists Coverage ... 18
Additional Duties for Coverage for Damage to Your Auto ... 18

**PART F > GENERAL PROVISIONS** ... 19
Additional Definition Used in This Part ... 19
Bankruptcy ... 19
Changes ... 19
Legal Action Against Us ... 19
Our Right to Recover Payment ... 20
Policy Period and Territory ... 20
Premium Due on Policies ... 20
Termination Cancellation, Nonrenewal, Automatic Termination, Other Termination Provisions ... 21
Transfer of Your Interest in This Policy ... 22
Misrepresentation and Fraud ... 22
Unpaid Premium and Fees ... 23
Two or More Auto Policies ... 23
Participation Clause ... 23

www.gmacinsurance.com

GMAC Insurance

6275 (03012003)