Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INTEGON PREFERRED INSURANCE COMPANY, a foreign corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL WILCOX and ELIZABETH WILCOX, Washington residents; and ERIC HOFF, a Washington resident,<br><br>Defendants. | NO.  2:21-cv-01501-BJR<br><br>**DECLARATION OF CLIFF WILSON IN SUPPORT OF THIRD-PARTY DEFENDANT SMITH FREED EBERHARD, PC'S MOTION FOR SUMMARY JUDGMENT** |
| DANIEL WILCOX and ELIZABETH WILCOX, Washington residents,<br><br>Counterclaimant,<br><br>vs.<br><br>INTEGON PREFERRED INSURANCE COMPANY, a foreign corporation,<br><br>Counter-defendant. | |
| DANIEL WILCOX and ELIZABETH WILCOX, Washington residents,<br><br>Third-Party Plaintiffs,<br><br>vs. | |

DECLARATION OF CLIFF WILSON IN SUPPORT OF DEF. SMITH FREED'S MOTION FOR SUMMARY JUDGMENT - 1

**DAVIS ROTHWELL
EARLE & XOCHIHUA P.C.**
701 5ᵀᴴ Aᴠᴇ, Sᴜɪᴛᴇ 5500
Sᴇᴀᴛᴛʟᴇ, WA 98104
**(206) 622-2295**

|   |
|---|
| 10<br>ROBERT W. WARREN, ATTORNEY AT LAW, PLLC, a Washington professional limited liability company dba WRIXTON LAW OFFICE, and SMITH FREED EBERHARD, P.C., a foreign professional services corporation,<br><br>          Third-Party Defendants. |

I, Cliff Wilson, declare under penalty of perjury under the laws of the State of Washington as follows:

1. I am an attorney at Smith Freed Eberhard, PC ("SFE"), and have personal knowledge of the matters described herein;

2. Attached as **Exhibit 1** is a true and correct copy of my 2/24/21 letter to Dan Wilcox advising of representation in the *Hoff v. Wilcox* case.

3. Attached as **Exhibit 2** is a true and correct copy of my 2/23/21 letter to NGIC confirming assignment as defense counsel for the Wilcoxes in the *Hoff v. Wilcox* case.

4. Attached as **Exhibit 3** is a true and correct copy of the transcript of the hearing on the 10/6/22 hearing on the Motion to Vacate Default Judgment.

5. Aderant Total Office was, until recently, SFE's document management system. It allowed us to enter freeform notes and captured the date of the event (e.g. a call or meeting), what the topic of the event was, and the name(s) of who was involved in the event. We recently changed over to a new program and everything from Aderant was migrated into the new system.

Attached as **Exhibits 4-19** are true and correct copies of Aderant notes that I wrote during or on or about the date of the event. I have not altered any narrative of these notes since the date I entered them. **Exhibits 4-A – 19-A** are true and correct copies of the corresponding entries "imported" into my firm's new document management system. Likewise, I have not altered these narratives in any way since the date they were entered.

DECLARATION OF CLIFF WILSON IN SUPPORT OF DEF. SMITH FREED'S MOTION FOR SUMMARY JUDGMENT - 2

DAVIS ROTHWELL
EARLE & XOCHIHUA P.C.
701 5TH AVE, SUITE 5500
SEATTLE, WA 98104
(206) 622-2295

6. Mr. Warren told Joyce Fung and me that he would provide us with a copy of the notice of appearance he filed on behalf of the Wilcoxes, as well as the rest of his file materials (that we hoped would contain documentation of his alleged "many communications with plaintiff's counsel"), but ultimately failed to provide us any documentation, testimony or even any explanation of the absence of a notice of appearance in the trial court docket. Attached as **Exhibits 15 and 15-A** are true and correct copies of my call note entered in Aderant Total Office on 3/12/21 and its corresponding entry from our new system, describing the call that day among myself, Joyce Fung and Robert Warren.

7. On November 9, 2021, Joyce Fung and I had a lengthy call with the Wilcoxes. Attached as **Exhibit 20** are true and correct copies of the Aderant note and corresponding entry in our new system of my notes from that call, which entry was typed during the call or on or about the date indicated. I have not edited the comment text since I first entered it. I realize now that I omitted the word "not" regarding the supersedeas bond. That sentence should have read, consistent with my discussion with the Wilcoxes, "Explained supersedeas bond, but that we would not need one to file the appeal,…"

8. Attached as **Exhibits 21-31-A** are true and correct copies of pertinent pleadings in the State court matter, *Hoff v. Wilcox,* which my staff downloaded from the court's website early in my representation of the Wilcoxes. Regarding the Declaration of Kari Lester (Exhibit 27), I have removed all but her attached Exhibit 11 in order to save space. As filed, her declaration was 477 pages.

9. Attached as **Exhibits 32-35** are true & correct copies of my firm's invoices to Integon dated May 5, 2021; August 4, 2021; November 3, 2021; and February 4, 2022; respectively. The invoices contain our firm's time entries and cost details on the *Hoff v. Wilcox* matter. However, these invoices don't precisely reflect the work my firm performed in the *Hoff* case. First, Integon's billing guidelines with my firm specifies that it will usually only pay for one attorney's time on a call, so when Joyce and I both participated, only one of us billed for it. Sometimes we didn't clearly communicate who would bill for it, so neither of

DECLARATION OF CLIFF WILSON IN SUPPORT OF
DEF. SMITH FREED'S MOTION FOR SUMMARY
JUDGMENT - 3

DAVIS ROTHWELL
EARLE & XOCHIHUA P.C.
701 5TH AVE, SUITE 5500
SEATTLE, WA 98104
(206) 622-2295

us did. Second, there were many times when I'd have a very short call with someone, often a voicemail to Mr. Warren, one of the Wilcoxes, or an Integon adjuster, where I didn't bill for it. Third, there might be other errors, from typos to more significant errors. I endeavor that my time entries be accurate in all respects, and I teach my associates including Joyce to do the same, but the reality of any billable-time reporting system is that errors can and do occur.

10. Attached as **Exhibits 36-61** are true and correct copies of additional emails and letters sent by me or to me on the date indicated thereon.

11. In the seven months between our beginning representation of the Wilcoxes (2/25/21) and our 9/29/2021 filing of their Motion to Vacate Default Judgment, Joyce and I investigated at least eleven potential arguments for the Motion to Vacate:

a) Whether Dan Wilcox could reasonably deny liability for the underlying accident (no; Wilcox turned "right on red" into a pedestrian in a crosswalk, who had the right of way);

b) Whether Hoff's service of process was improper (no; the Wilcoxes admitted proper service);

c) Whether attorney Warren had filed a formal Notice of Appearance (NOA) of behalf of the Wilcoxes in *Hoff v. Wilcoxes*, prior to entry of the default judgment (no);

d) Whether Warren attempted to file an NOA but through mistake it was not filed, such as if he accidentally filed it in the wrong case, attempted to mail or email the NOA instead of using the mandatory electronic filing system, or if transmission failed on the electronic filing protocol (unknown; Warren had told us he was certain that he'd filed the NOA, but we were unable to obtain admissible evidence because Warren failed to provide his file for review, failed to respond to telephonic and email requests to discuss, failed to provide declaration testimony and failed to appear at the motion hearing);

e) Whether Warren's alleged communications with plaintiff's counsel constituted an informal notice of appearance, entitling him to written notice before default

DECLARATION OF CLIFF WILSON IN SUPPORT OF
DEF. SMITH FREED'S MOTION FOR SUMMARY
JUDGMENT - 4

DAVIS ROTHWELL
EARLE & XOCHIHUA P.C.
701 5TH AVE, SUITE 5500
SEATTLE, WA 98104
(206) 622-2295

  judgment was entered, under CR 55(a)(3)(we had Warren's adamant telephonic assertion to us that he'd "had plenty of communication with the Plaintiff's side,"[1],[2] but despite multiple follow-up emails and voicemails, we were unable to obtain admissible evidence of these communications, such as copies of written communications, or Warren's testimony in declaration or at hearing admitting them);

 f) Whether the Integon adjuster's communications with plaintiff's counsel constituted an informal notice of appearance (unfortunately, we could obtain only the written communications because adjuster Smalley had left Integon's employ several months before filing of the motion to vacate, when Joyce and I tried to contact her);

 g) Whether the Wilcoxes had reasonably relied upon Warren and Integon to appear on their behalf in *Hoff v. Wilcoxes*, thereby constituting a mistake meriting vacation of the default (the Wilcoxes felt strongly that they relied on both, and we worked with them to obtain outside evidence in support of their factual account, such as their cell phone provider's record of Dan Wilcox's alleged 2/3/20 voicemail to Integon, or Warren's testimony that he promised the Wilcoxes that he would appear in suit; eventually we concluded these were unobtainable and resorted only to the less-preferred evidence of the Wilcoxes' own testimony, which could be and has been disputed by Integon and Warren);

 h) Whether Hoff's asserted wage loss of $9,700 was unrelated or excessive (no, as Hoff's period of wage loss matched the time he was documented to be hospitalized and/or wheelchair-bound; notably, despite Hoff apparently not working again,

---

[1] Warren told Cliff Wilson on 3/2/21 that he "had plenty of communication with the Plaintiff's side before the *lawsuit*." But Warren did not meet the Wilcoxes until after they were served. Therefore, presumably Warren meant to say "before the *default judgment*," which was the subject of their conversation.

[2] Hoff's counsel Lester alleged in her 3/11/20 Declaration (filed with Hoff's motion for default), ¶ 4, that she had had no contact with the Wilcoxes or their counsel.

Hoff's wage loss request was quite modest and he did not seek vocational training or impaired earning capacity);

i) Whether Hoff's reported injuries were unrelated to the accident (no; Hoff had no relevant pre-existing conditions or subsequent injuries according to our social media search and the only available medical records information, which were Hoff's post-accident medical records and Hoff's testimony regarding his pre-accident health, both within Hoff's Motion for Default Judgment; the declaration of Hoff's medical expert opined that his injuries were all causally related; the police report including eyewitness statements concluded that "Hoff suffered obvious femur, hip and knee injuries from the collision"; and the physics of the accident as described by Hoff and the eyewitnesses—*e.g.*, pedestrian "hit by a car and thrown into the air and then into the street" —made any other cause highly unlikely);

j) Whether Hoff's medical treatment was unnecessary, unrelated or unreasonable (no, the post-accident records described an ordinary, expected-cost treatment path that could be readily seen as such, without the need for us to retain a medical expert to review those records);

k) Whether Hoff's medical billings of $80,896.52 were excessive for the local area (no, we determined that the costs were reasonable for the area, for the treatment provided); and

l) Whether Hoff's awarded general damages (of $695,000 past and $832,000 future) were excessive (we thought they were within the range of reasonable expected jury outcomes, but on the high side).

Joyce and I ruled out arguments a-c and h-k; could not obtain admissible evidence for d-e; and included the remaining arguments f, g and l in the filed motion to vacate.

\\\

\\\

DECLARATION OF CLIFF WILSON IN SUPPORT OF
DEF. SMITH FREED'S MOTION FOR SUMMARY
JUDGMENT - 6

**DAVIS ROTHWELL
EARLE & XOCHIHUA P.C.**
701 5TH AVE, SUITE 5500
SEATTLE, WA 98104
**(206) 622-2295**

DATED this 16th day of February, 2023.

By: _____
Cliff Wilson, WSBA #42102
Smith Freed Eberhard, PC
1111 SW Columbia St, Suite 800
Portland, OR 97201
(503) 471-2654
cwilson@smithfreed.com

DECLARATION OF CLIFF WILSON IN SUPPORT OF DEF. SMITH FREED'S MOTION FOR SUMMARY JUDGMENT - 7

**DAVIS ROTHWELL EARLE & XOCHIHUA P.C.**
701 5TH AVE, SUITE 5500
SEATTLE, WA 98104
(206) 622-2295