Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INTEGON PREFERRED INSURANCE COMPANY, a foreign corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL WILCOX and ELIZABETH WILCOX, Washington residents; and ERIC HOFF, a Washington resident,<br><br>Defendants. | NO.  2:21-cv-01501-BJR<br><br>**DECLARATION OF JOYCE FUNG IN SUPPORT OF THIRD-PARTY DEFENDANT SMITH FREED EBERHARD, PC'S MOTION FOR SUMMARY JUDGMENT** |
| DANIEL WILCOX and ELIZABETH WILCOX, Washington residents,<br><br>Counterclaimant,<br><br>vs.<br><br>INTEGON PREFERRED INSURANCE COMPANY, a foreign corporation,<br><br>Counter-defendant. | |
| DANIEL WILCOX and ELIZABETH WILCOX, Washington residents,<br><br>Third-Party Plaintiffs, | |

vs.

ROBERT W. WARREN, ATTORNEY AT LAW, PLLC, a Washington professional limited liability company dba WRIXTON LAW OFFICE, and SMITH FREED EBERHARD, P.C., a foreign professional services corporation,

        Third-Party Defendants.

I, Joyce Fung, declare under penalty of perjury under the laws of the State of Washington as follows:

1. I am a former attorney of Smith Freed Eberhard, PC ("SFE") and have personal knowledge of the matters described herein, including my work representing Elizabeth and Daniel Wilcox in vacating the motion for default judgment.

2. At the time of my employment at SFE, Aderant Total Office was the document-management system we used. It allowed us to enter freeform notes, and captured the date of the event (*e.g.*, a call or meeting), the topic of the event, and the name of who was involved in the event. Sometime after I left SFE, that office apparently changed its document-management system, but I was not involved with that.

Attached as **Exhibits 1 - 14** are true and correct copies of Aderant notes that I wrote during the event or shortly afterward during my employment at SFE. I never altered the narrative of any of these notes after I entered them. Attached as **Exhibits 1-A – 14-A** are copies provided to me by Cliff Wilson of those same notes as recently "imported" into SFE's current note system. I have reviewed the second set of notes and the content mirrors what I originally wrote in Exhibits 1-14.

3. Cliff Wilson and I talked to Robert Warren by telephone on March 12, 2021. During the call, Mr. Warren told us that the default judgment in *Hoff v. Wilcox* was a mistake because he had filed a notice of appearance or a document to that effect on behalf of the Wilcoxes, and had talked to plaintiff's counsel multiple times. Mr. Warren told us that he

DECLARATION OF JOYCE FUNG IN SUPPORT OF 3RD-PTY DEF SMITH FREED'S MOTION FOR SUMMARY JUDGMENT - 2

DAVIS ROTHWELL
EARLE & XOCHIHUA P.C.
701 5TH AVE, SUITE 5500
SEATTLE, WA 98104
(206) 622-2295

1   would send us a copy of the notice of appearance he filed as well as the rest of his file
2   materials (that we hoped would contain documentation of his alleged "many communications
3   with plaintiff's counsel"). Attached hereto as **Exhibit 1** is a true and correct copy of the call
4   note entered in Aderant on or about 3/12/21 regarding this call. Also attached is **Exhibit 1-A**,
5   which is a copy of that same note as provided to me by Cliff after the note was migrated to
6   SFE's new system.

7   4.   Attached as **Exhibits 15-36** are true and correct copies of emails and letters sent by
8   me or SFE, and/or to me or SFE in the *Hoff v. Wilcox* matter.

9   5.   Attached as **Exhibits 37-40** are true & correct copies of SFE's invoices to Integon
10  dated May 5, 2021; August 4, 2021; November 3, 2021; and February 4, 2022; respectively.
11  The invoices were meant to include SFE's time entries and cost details on the *Hoff v. Wilcox*
12  matter. But these invoices don't precisely reflect all of the work I performed in the *Hoff* case.
13  First, Integon's billing guidelines with SFE specified that it will usually only pay for one
14  attorney's time on a call, so when Cliff and I both participated, only one of us billed for it.
15  Sometimes we didn't clearly communicate who would bill for it, so neither of us did. Second,
16  there were many times when I'd have a very short call with someone, often a voicemail to Mr.
17  Warren, one of the Wilcoxes, or an Integon adjuster, where I didn't bill for it. (Integon's
18  guidelines didn't allow us to bill for voice messages.) Third, there might be other errors, from
19  typos to more significant errors. I endeavored that my time entries would be accurate in all
20  respects, but the reality of any billable-time reporting system is that errors can and do occur.

21  6.   Attached as **Exhibits 41-48** are true and correct copies of the motion to vacate
22  filings in *Hoff v. Wilcox*. I prepared these with the assistance of the Wilcoxes for Mr. Wilson's
23  review, and once we finalized, I directed staff to file them.

24  7.   In the seven months between our beginning representation of the Wilcoxes
25  (2/25/21) and our 9/29/2021 filing of their Motion to Vacate Default Judgment, Cliff and I
26  investigated a number of potential arguments for the Motion to Vacate, some of which are
27  listed below:

DECLARATION OF JOYCE FUNG IN SUPPORT OF
3RD-PTY DEF SMITH FREED'S MOTION FOR
SUMMARY JUDGMENT - 3

**DAVIS ROTHWELL
EARLE & XOCHIHUA P.C.**
701 5TH AVE, SUITE 5500
SEATTLE, WA 98104
**(206) 622-2295**

a) Whether Dan Wilcox could reasonably deny liability for the underlying accident (no; Wilcox turned "right on red" into a pedestrian in a crosswalk, who had the right of way);

b) Whether Hoff's service of process was improper (no; the Wilcoxes admitted proper service);

c) Whether attorney Warren had filed a formal Notice of Appearance (NOA) or a document to that effect, on behalf of the Wilcoxes in *Hoff v. Wilcox*, prior to entry of the default judgment (no);

d) Whether Warren attempted to file an NOA but through mistake it was not filed, such as if he accidentally filed it in the wrong case, attempted to mail or email the NOA instead of using the mandatory electronic filing system, or if transmission failed on the electronic filing protocol (unknown; Warren had told us he was certain that he'd filed the NOA, but we were unable to obtain admissible evidence because Warren failed to provide his file for review, failed to respond to telephonic and email requests to discuss, failed to provide declaration testimony and failed to appear at the motion hearing);

e) Whether Warren's alleged communications with plaintiff's counsel constituted an informal notice of appearance, entitling the Wilcoxes to written notice before default judgment was entered, under CR 55(a)(3)(we had Warren's adamant telephonic assertion to us that he'd "had plenty of communication with the Plaintiff's side," but despite multiple follow-up emails and voicemails, we were unable to obtain admissible evidence of these communications, such as copies of written communications, or Warren's testimony in declaration or at hearing admitting them);

f) Whether the Integon adjuster's communications with plaintiff's counsel constituted an informal notice of appearance (unfortunately, we could obtain only the written communications because adjuster Smalley had left Integon's employment before

DECLARATION OF JOYCE FUNG IN SUPPORT OF 3RD-PTY DEF SMITH FREED'S MOTION FOR SUMMARY JUDGMENT - 4

DAVIS ROTHWELL
EARLE & XOCHIHUA P.C.
701 5TH AVE, SUITE 5500
SEATTLE, WA 98104
(206) 622-2295

filing of the motion to vacate, when Cliff and I tried to contact her);

g) Whether the Wilcoxes had reasonably relied upon Warren and Integon to appear on their behalf in *Hoff v. Wilcox*, thereby constituting a mistake meriting vacation of the default (the Wilcoxes felt strongly that they relied on both, and we worked with them to obtain outside evidence in support of their factual account, such as their cell phone provider's record of Dan Wilcox's alleged 2/3/20 voicemail to Integon, or Warren's testimony that he promised the Wilcoxes that he would appear in the suit; eventually we resorted to the less-preferred evidence of the Wilcoxes' own testimony and record of the 2/3/20 voicemail, which could be and has been disputed by Integon and Warren);

8. Before filing the motion, I tried to contact Meghan Smalley to have her prepare a declaration outlining what she had previously told me before. I wanted to know if she had had any telephonic conversations with Hoff's counsel (Kari Lester) in addition to the multiple emails and letters between them that I had seen in the Integon claim file. I planned to draft a declaration for her review, in support of the motion to vacate. I wanted testimony that described and authenticated the communications Ms. Smalley had with Ms. Lester, to support the Wilcoxes' argument that such communications put Ms. Lester on notice that Integon intended to defend any lawsuit that arose, entitling Integon to written notice of a complaint, motion for default or for default judgment, and – because Hoff did not give Integon such notice – allowing the Wilcoxes to vacate the default as of right. I also intended Ms. Smalley's declaration to document other details of the Hoff claim such as when Integon first learned of Hoff's lawsuit and the default judgment. Unfortunately, I was unable to reach Ms. Smalley at Integon; one of Integon's employees said she was no longer employed there. On that or a follow-up call, I asked for Ms. Smalley's contact information but Integon declined my request. I then called the Integon adjuster on the file, and asked if he would be willing to testify, via declaration, to the authenticity of Ms. Smalley's written communications with Ms. Lester. He declined. I therefore wrote the declaration myself and filed it in support of the

DECLARATION OF JOYCE FUNG IN SUPPORT OF 3RD-PTY DEF SMITH FREED'S MOTION FOR SUMMARY JUDGMENT - 5

DAVIS ROTHWELL
EARLE & XOCHIHUA P.C.
701 5TH AVE, SUITE 5500
SEATTLE, WA 98104
(206) 622-2295

motion to vacate. Attached as **Exhibit 42** is a true and correct copy of my September 29, 2021 Declaration, with exhibits.

I also prepared declarations of Mr. and Mrs. Wilcox in support of the motion to vacate. I believe I started this process in July or August, with at least one call from me to them in which they reiterated the events between the 11/1/17 Hoff-Wilcox accident through to Smith Freed beginning representation in February 2021. I took notes and began writing the first draft of both declarations during the call. In reviewing Smith Freed's billing invoices, I see that I billed for drafting their declarations on 9/14/21, but that I didn't bill for the call/s and/or time spent on drafting their declarations before 9/14/21.

When I drafted the Wilcoxes' declarations, specifically regarding what they remembered about oral communications with Integon and with Warren, I was largely limited to the Wilcoxes' recollections. I did not have any testimony or documents from Warren (such as his 2/5/20 letter of representation to Integon, his alleged Notice of Appearance in *Hoff v. Wilcox*, or documentation of his asserted communications with Ms. Lester). Mr. Warren never fulfilled his promise to send me his NOA and file, and the Wilcoxes did not have any documents from Warren. I also did not have any recordings or transcripts of phone calls between Integon and the Wilcoxes, or between Warren and Integon. I understand that those were produced in discovery in this federal litigation, but I did not have them when preparing the motion to vacate. In any event, I carefully wrote down what the Wilcoxes told me, including the key details of the accident (*e.g.*, whether Mr. Wilcox admitted liability, which he had told me he said to Integon years before any litigation), whether they recalled being served with Hoff's Complaint, what they recalled of their communications with Integon and Warren (such as the 2/3/20 voicemail that Dan Wilcox believed he made to Oscar Mateo, and Warren telling them he had filed a notice of appearance) – especially what might justify their belief that Integon and Warren were appearing and/or defending them in the lawsuit, when they learned of the default and default judgment, etc. I was of course not present for any of these events and so could not attest or verify them myself. I had to rely on the Wilcoxes'

DECLARATION OF JOYCE FUNG IN SUPPORT OF 3RD-PTY DEF SMITH FREED'S MOTION FOR SUMMARY JUDGMENT - 6

DAVIS ROTHWELL
EARLE & XOCHIHUA P.C.
701 5TH AVE, SUITE 5500
SEATTLE, WA 98104
(206) 622-2295

recollections.

I emailed the Motion to Vacate and draft declarations to Mrs. Wilcox on or about 9/21/21. Attached as **Exhibits 26 and 27** are true and correct copies of that email, including attachments. Notably, paragraph 16 of Mr. Wilcox's declaration and paragraph 17 of Mrs. Wilcox's declaration each said:

> Around November 2020, another adjuster from NGIC reached out to me to inform me of the default judgment and entry of judgment. This was the first time I found out about the Entry of Judgment.

Those allegations were based entirely on what the Wilcoxes told me in our phone call/s.

I called Mr. Wilcox one week later to discuss his declaration. He said everything looked fine, and he did not want or need to make any corrections. Attached as **Exhibits 8 and 8-A** are true and correct copies of my notes from that call. On the same day I called Mrs. Wilcox and we discussed the motion to vacate. Attached as **Exhibits 7 and 7-A** are true and correct copies of my notes from that call. Although I didn't indicate it in my call notes, I recall discussing with the Wilcoxes, that we had one year, until 10/16/21, to file the motion so there was time to make any changes to the declarations and motion. Later the same day Mrs. Wilcox emailed me to make changes in her declaration: that it was her husband, not her, who had left the voice message for Integon on 2/3/20, and what Warren told her in April 2020 (*i.e.*, that all the courts were actually CLOSED because of Covid). I immediately made those changes to Mrs. Wilcox's declaration and emailed it back to her. Mrs. Wilcox emailed me again with an additional change, namely to her legal name. Attached as **Exhibit 28** is a true and correct copy of that email chain. I made that additional change, and Mrs. Wilcox emailed me her signed declaration. Attached as **Exhibit 30** is a true and correct copy of Ms. Wilcox's email with her signed declaration. I emailed Mrs. Wilcox that same afternoon indicating I had received her signed declaration and once I had received Mr. Wilcox's, I could file the motion. Attached as **Exhibit 29** is a true and correct copy of my reply email. Later that same day, my assistant received and gave to me all the pages of Mr. Wilcox's signed declaration. My office filed the Motion to Vacate, with all supporting declarations, on September 29, 2021 and

DECLARATION OF JOYCE FUNG IN SUPPORT OF 3RD-PTY DEF SMITH FREED'S MOTION FOR SUMMARY JUDGMENT - 7

DAVIS ROTHWELL
EARLE & XOCHIHUA P.C.
701 5TH AVE, SUITE 5500
SEATTLE, WA 98104
(206) 622-2295

emailed copies to the Wilcoxes the same day. Attached as **Exhibit 31** is a true and correct copy of that email, minus attachments. Neither of the Wilcoxes ever made changes to the paragraphs beginning "Around November 2020…" and neither of the Wilcoxes ever told me that there were errors in their signed declarations.

The Court denied our Motion to Vacate. On October 22, 2021, my office wrote to the Wilcoxes about the denial (and other matters). Attached as **Exhibit 33** is a true and correct copy of the letter we sent, minus attachments. The Court's Order, which we attached to our letter, stated:

> The Court further finds that Defendants Daniel and Elizabeth (i.e., "Jane Doe") Wilcox admitted in their Declarations that they became aware of the Default Judgment in November of 2020 and were advised of the same by an adjuster from their insurance company, National General Insurance Company.

*See* ¶10 of Court's 10/11/21 Order, a true and correct copy of which is attached as **Exhibit 48**. Neither of the Wilcoxes ever asked me about this Court finding or told me that it was wrong.

DATED this 17th day of February, 2023.

By _____
Joyce Fung, WSBA #52756

---

DECLARATION OF JOYCE FUNG IN SUPPORT OF 3RD-PTY DEF SMITH FREED'S MOTION FOR SUMMARY JUDGMENT - 8

**DAVIS ROTHWELL EARLE & XOCHIHUA P.C.**
701 5TH AVE, SUITE 5500
SEATTLE, WA 98104
(206) 622-2295