The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INTEGON PREFERRED INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> DANIEL WILCOX and ELIZABETH WILCOX and ERIC HOFF, <br><br> Defendants. <br> ———————————————————— <br> DANIEL WILCOX and ELIZABETH WILCOX, <br><br> Counterclaimants, <br><br> v. <br><br> INTEGON PREFERRED INSURANCE COMPANY, <br><br> Counter-Defendant. <br> ———————————————————— <br> DANIEL WILCOX and ELIZABETH WILCOX, <br><br> Third-Party Plaintiffs, <br><br> v. <br><br> ROBERT W. WARREN, ATTORNEY AT LAW, PLLC, dba WRIXTON LAW OFFICE; and SMITH FREED EBERHARD, P.C., <br><br> Third-Party Defendants. | Civil Action No. 2:21-cv-1501 <br><br> **ORDER REGARDING THE WILCOXES' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST SMITH FREED, SMITH FREED'S MOTION FOR SUMMARY JUDGMENT AGAINST THE WILCOXES, AND SMITH FREED'S MOTION TO EXCLUDE THE WILCOXES' EXPERT WITNESS WILLIAM FULD** |

## I.   INTRODUCTION

This lawsuit arises from a pedestrian/motor vehicle accident that occurred in Snohomish County, Washington in November 2017. The parties to this litigation are: (1) Plaintiff and Counter-Defendant Integon Insurance Company ("Integon"), (2) Defendants, Counterclaimants, and Third-Party Plaintiffs Daniel and Elizabeth Wilcox ("the Wilcoxes"), (3) Third-Party Defendant Robert W. Warren and Wrixton Law Office (collectively "Warren"), and (4) Third-Party Defendant Smith Freed Eberhard, P.C. ("Smith Freed"). Currently before the Court are the Wilcoxes' motion for partial summary judgment against Smith Freed (Dkt. No. 79)[1] and Smith Freed's motion for summary judgment against the Wilcoxes (Dkt. No. 95), as well as Smith Freed's motion to exclude the Wilcoxes' expert witness, William Fuld (Dkt. No. 145). Having reviewed the motions, the oppositions and replies thereto, the record of the case, and the relevant legal authority, the Court DENIES the Wilcoxes' motion for partial summary judgment, GRANTS Smith Freed's motion for summary judgment, and STRIKES as moot Smith Freed's motion to exclude expert witness William Fuld. The reasoning for the Court's decision follows.[2]

## II.   FACTUAL BACKGROUND

The factual background relevant to the instant motions is as follows:[3] Mr. Wilcox purchased an automobile insurance policy from Integon that was effective from August 2017 to August 2018, with limits for liability coverage of $25,000 per person and $50,000 per accident. On November 1, 2017, Mr. Wilcox turned right at an intersection where he had a green light but

---

[1] The motion also sought summary judgment on the Wilcoxes' claims against Warren, but they have since withdrawn the motion as it pertains to Warren. Dkt. No. 82
[2] This Court previously granted Integon's motion for partial summary judgment on its claim that it did not breach its duty to defend Mr. Wilcox. Dkt. No. 149.
[3] See this Court's order granting Integon's motion for partial summary judgment (Dkt. No. 149) for a more complete background section.

failed to see Eric Hoff who was walking in the crosswalk. Mr. Wilcox hit Hoff, injuring him. Mr. Wilcox timely reported the incident to Integon. On July 30, 2018, Integon offered the policy limits to Hoff to settle his claim; he never responded to the offer. On January 16, 2020, Hoff filed a lawsuit against the Wilcoxes in Snohomish County Superior Court (the "Underlying Lawsuit") and served them with the summons and complaint on February 1, 2020. The Wilcoxes claim that they notified Integon of the Underlying Lawsuit on February 3, 2020, but Integon has no record of the notification and this Court previously determined that no reasonable jury could conclude that the notification occurred. *See* Dkt. No. 149 at 11.

On February 5, 2020, the Wilcoxes met with Third-Party Defendant attorney Robert Warren about the Underlying Lawsuit. The Wilcoxes allege that Warren promised to enter a notice of appearance and represent them in the Underlying Lawsuit. Despite the Wilcoxes' understanding, Warren never filed a notice of appearance nor took other action on their behalf in the Lawsuit. On March 11, 2020, the Snohomish County Superior Court entered an order of default against the Wilcoxes and, on October 16, 2020, entered default judgment in the amount of $1,618,587.33. The Wilcoxes originally claimed that they learned of the default judgment in November 2020. *See* Dkt. No. 22, Third-Party Complaint at ¶¶ 37-40. However, they now claim that they did not learn of the default judgment until February 2021. *See* Dkt. No. 73, Amended Answer and Third-Party Complaint at ¶ 41.

Integon learned of the default judgment from Hoff's attorney on February 18, 2021 and immediately contacted Mr. Wilcox who confirmed that he had been served with the Underlying Lawsuit in February 2020 and had provided the pleadings to Warren. Integon tried to speak to Warren that same day but was unable to reach him until February 22, 2021, when he confirmed that he was aware of the Underlying Lawsuit but not the default judgment. That same day,

Integon retained Third-Party Defendant Smith Freed as counsel for Mr. Wilcox to try to vacate the default judgment. Smith Freed appeared in the Underlying Lawsuit on February 24, 2021 and moved to vacate the default judgment on September 29, 2021. The Snohomish County Court denied the motion on October 11, 2021.

### III.   STANDARD OF REVIEW

"The standard for summary judgment is familiar: 'Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact.'" *Zetwick v. County of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017) (quoting *United States v. JP Morgan Chase Bank Account No. Ending 8215*, 835 F.3d 1159, 1162 (9th Cir. 2016)). A court's function on summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If there is not, summary judgment is warranted.

### IV.   DISCUSSION

The Wilcoxes' amended third-party complaint against Smith Freed alleges that the law firm committed legal malpractice and breached its fiduciary duties by: (1) waiting seven months to file the motion to vacate the default judgment in the Underlying Lawsuit, (2) providing inaccurate legal advice regarding their right to appeal the Snohomish County Court's decision, and (3) failing to exhaust opportunities to seek relief from the default judgment. Dkt. No. 73 at ¶ 90. The Wilcoxes move for summary judgment on their first claim, requesting that this "Court determine as a matter of law that Smith Freed breached its duty of care by failing to move timely and with due diligence to vacate the default judgment and that but for this breach of the standard of care, the [Snohomish County Court] would have granted the motion to vacate the default

4

judgment." Dkt. No. 79 at 3. Smith Freed counters that it is entitled to summary judgment on this claim, arguing that the Wilcoxes cannot establish that the law firm acted unreasonably by waiting seven months to file the motion, nor can they establish that they were damaged by the delay or that the delay was the proximate cause of any alleged damages. Smith Freed also moves for summary judgment on the Wilcoxes' remaining two claims against it.[4]

        A.        **The Elements of Legal Malpractice and Breach of Fiduciary Duty Claims**

A plaintiff must prove the following elements to establish a legal malpractice claim: (1) the existence of an attorney-client relationship which gives rise to a duty of care on the part of the attorney to the client; (2) an act or omission by the attorney in breach of the duty of care; (3) damage to the client; and (4) proximate causation between the attorney's breach of the duty and the damage incurred. *Hizey v. Carpenter*, 830 P.2d 646, 651 (Wash. 1992). A claim for breach of fiduciary duty mirrors these same elements. *Bronzich v. Persels & Assocs., LLC*, 2011 WL 2119372, at *9-10 (E.D. Wash. May 27, 2011). The duty of care means that an attorney "must exercise the degree of care, skill, diligence, and knowledge commonly possessed and exercised by a reasonable, careful, and prudent lawyer in the practice of law in this jurisdiction." *Hizey*, 830 P.2d at 652. The parties agree that the first element—an attorney-client relationship—is satisfied; the cross-summary judgment motions focus on the remaining three elements.

---

[4] In their opposition to Smith Freed's motion for summary judgment, the Wilcoxes agree to dismiss their claim that the law firm breached its duty of care when it provided inaccurate advice regarding whether an appeal bond would be required if the Wilcoxes chose to appeal the Snohomish County Court's decision to deny the motion to vacate the default judgment. They also agree to voluntarily dismiss Mrs. Wilcoxes' claim for emotional distress damages. *See* Dkt. No. 112 at 26. Thus, these claims will be dismissed with this order.

**B.     The Seven-Month Delay between Smith Freed's Notice of Appearance and the Motion to Vacate the Default Judgment**

The following undisputed facts are relevant to the Wilcoxes' claim that Smith Freed breached its duty of care by waiting seven months after entering a notice of appearance in the Underlying Lawsuit to file the motion to vacate:

- The Snohomish County Court entered default judgment in the Underlying Lawsuit against Mr. Wilcox on October 16, 2020.

- Integon retained Smith Freed to represent Mr. Wilcox in the Underlying Lawsuit on February 22, 2021.

- Smith Freed entered a notice of appearance in the Lawsuit on February 25, 2021.

- Smith Freed filed the motion to vacate on September 29, 2021.

- The motion to vacate was supported by the Wilcoxes' declarations that stated, among other things, that they learned of the default judgment in November 2020.

- In denying the motion to vacate, the Snohomish County Court, among others, made the following finding of facts: (1) the Wilcoxes admitted that they first became aware of the default judgment in November 2020, (2) Defendants took no action in the Underlying Lawsuit after filing the notice of appearance for more than seven months, (3) "Defendants failed to act with due diligence in appearing in [the Underlying Lawsuit] before and even after the Default Order was entered", and (4) "Defendants failed to act with due diligence in seeking to vacate the Default Judgment". Dkt. No. 50, Ex. 48 at ¶¶ 7, 10, 13, and 14.

In addition to the foregoing, Smith Freed alleges that in the seven months after it filed its notice of appearance, it conducted an extensive investigation into "at least eleven potential arguments for the Motion to Vacate", including among others, whether Warren mistakenly misfiled the notice of appearance, whether Integon's or Warren's communications with Hoff's attorney could constitute an informal notice of appearance, whether Hoff's reported injuries were unrelated to the accident, and whether Hoff's alleged damages were excessive, before eventually settling on: "(1) informal appearance by Integon via its claims communications to Hoff's counsel,

(2) Wilcoxes' reliance on Integon and Warren to defend them in [the Underlying Lawsuit], and (3) excessive general damages." Dkt. N0. 95 at 5.

        **1.**       **Whether the seven-month delay in filing the motion to vacate constituted legal malpractice or a breach of fiduciary duty**

As stated above, the Wilcoxes bear the burden of establishing that Smith Freed (1) breached its duty of care by delaying filing the motion to vacate for seven months, (2) that they were damaged, and (3) that the breach was the proximate cause of their damages. If the Wilcoxes fail to establish, at a minimum, that a genuine issue of material fact exists as to any one of these elements, summary judgment on this claim must be granted to Smith Freed. Conversely, if the Wilcoxes establish that they satisfy the foregoing elements as a matter of law, then they are entitled to summary judgment.

        **a.**       **Breach**

Washington Superior Court Civil Rule 60(b)(1) provides that a court may relieve a party of a final judgment due to "[m]istakes, inadvertence, surprise, excusable negligent or irregularity in obtaining a judgment or order." Wa. Sup. R. CR 60(b)(1). The rule provides that a motion to vacate a final judgment "shall be made within a reasonable time" but "not more than 1 year" after the order was entered. *Id*. at 60(b). What constitutes a "reasonable time" depends on the facts and circumstances of each case. *Luckett v. Boeing Co*., 989 P.2d 1144, 1147 (Wash. App. 1999). There is no dispute that the motion to vacate was filed within a year, so the salient issue is whether the motion was filed "within a reasonable time".

The Snohomish County Court has already answered this question: the motion was not filed within a reasonable time. *See* Dkt. No. 150, Ex. 48 at ¶¶ 13-14 ("The Court [] finds that Defendants took no action in this case following the Notice of Appearance being filed on February 24, 2021 for more than seven months, and until they filed the present motion to vacate

the judgment on September 29, 2021. The Court further finds that Defendants have *failed to act with due diligence* in seeking to vacate the Default Judgment.") (emphasis added). This determination also resolves the question of whether Smith Freed breached its duty of care to the Wilcoxes. Under Washington law, an "attorney has a duty to exercise the degree of skill, care, and learning expected of a reasonably prudent attorney in the state of Washington acting in the same or similar circumstances at the time such services are provided." *Thurston v. Godsil*, 2003 WL 21690529, *4 (Wash. App. July 21, 2003). An attorney that fails to act with due diligence by definition also fails to act reasonably. Thus, Smith Freed's arguments on this issue are foreclosed by the Snohomish County Court's determination that it failed to act with due diligence in filing the motion to vacate.

### b.   Proximate cause

This Court's determination that Smith Freed breached the duty of care it owed to the Wilcoxes as a matter of law by failing to act with due diligence in filing the motion to vacate is not sufficient to award summary judgment to the Wilcoxes on this claim. Rather, the Wilcoxes must now establish that Smith Freed's breach was the proximate cause of their alleged damages. Stated differently, at a minimum, the Wilcoxes must establish that, in the absence of Smith Freed's breach, the Snohomish County Court would have granted the motion to vacate. *See Daugert v. Pappas*, 704 P.2d 600, 604-05 (Wash. 1985).

The parties agree that Washington courts recognize that the question of whether a trial court would have granted a timely motion to vacate a default judgment is an issue of law that may be decided by this Court on summary judgment. *See Shepard Ambulance, Inc., v. Helsell, Fetterman, Martin, Todd & Hokanson*, 974 P.2d 1275, 1279-80 (Wash. App. 1999) (recognizing that courts may determine how a hypothetical motion to vacate would have been decided). Here,

this Court does not have to predict how the Snohomish County Court would have ruled because the County Court already indicated as much in the order denying the motion to vacate. The County Court made two salient findings of fact in this regard. First, it noted that the Wilcoxes admitted that they became aware of the default judgment in November 2020, three months before Smith Freed entered its notice of appearance. Dkt. No. 150, Ex. 48 at ¶ 10. And second, the County Court determined that the Wilcoxes "failed to act with due diligence in appearing in this litigation before *and even after the Default Order was entered.*" *Id*. at ¶ 7 (emphasis added). The County Court makes these findings before discussing Smith Freed's involvement in the case; thus, it is clearly only attributing this lack of due diligence to the Wilcoxes. Therefore, this Court concludes that the County Court would have denied the motion to vacate even if Smith Freed had filed the motion immediately after it entered its notice of appearance. Simply put, Smith Freed's seven-month delay in filing the motion to vacate was not the proximate cause of the Wilcoxes' alleged damages resulting from the motion being denied. As such, the Wilcoxes' motion for partial summary judgment must be denied and Smith Freed's motion granted as to this claim.[5]

### 2. Whether Smith Freed breached its duty of care by advising the Wilcoxes to retain outside counsel

The Wilcoxes also allege that Smith Freed breached the standard of care it owed them by advising them "to seek outside counsel at their own expense" to pursue the possibility of assigning their claims against Integon for bad faith to Hoff. Dkt. No. 112 at 12.[6] Smith Freed alleges (and the Wilcoxes do not counter) that "[i]t is uncontested that Smith Freed's scope [of

---

[5] Because this Court has determined that Smith Freed's breach was not the proximate cause of the Wilcoxes' alleged damages, it is not necessary for this Court to determine whether they presented adequate evidence of the alleged damages, nor is it necessary for this Court to resolve Smith Freed's motion to strike the Wilcoxes' damages expert.

[6] The Court assumes that the Wilcoxes' are still pursuing this claim even though they do not address it in the argument section of their opposition to Smith Freed's motion for summary judgment.

representation] was limited to trying to vacate the default judgment, and if successful, then to defend the Wilcoxes against Hoff's suit." Dkt. No. 123 at 3, fn 5. It contends that representing the Wilcoxes' in a bad faith claim against Integon would exceed its scope of representation and be a conflict of interest. As stated above, the Wilcoxes do not counter this point; thus, this Court must grant summary judgment to Smith Freed on this claim. *See Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000) ("If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment.").

## V.   CONCLUSION

For the foregoing reasons, the Court HEREBY:

(1) DENIES the Wilcoxes' motion for partial summary judgment (Dkt. No. 79);

(2) GRANTS Smith Freed's motion for summary judgment (Dkt. No. 95);

(3) STRIKES AS MOOT Smith Freed's motion to exclude the Wilcoxes' expert William Fuld (Dkt. No. 145), and

(4) DISMISSES Smith Freed from this case.

Dated this 17th day of July 2023.

*[signature]*
Barbara Jacobs Rothstein
U.S. District Court Judge