The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INTEGON PREFERRED INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br>　v.<br><br>DANIEL WILCOX and ELIZABETH WILCOX and ERIC HOFF,<br><br>　　　　Defendants.<br>_____<br>DANIEL WILCOX and ELIZABETH WILCOX,<br><br>　　　　Counterclaimants,<br><br>　v.<br><br>INTEGON PREFERRED INSURANCE COMPANY,<br><br>　　　　Counter-Defendant.<br>_____<br>DANIEL WILCOX and ELIZABETH WILCOX,<br><br>　　　　Third-Party Plaintiffs,<br><br>　v.<br><br>ROBERT W. WARREN, ATTORNEY AT LAW, PLLC, dba WRIXTON LAW OFFICE; and SMITH FREED EBERHARD, P.C.,<br><br>　　　　Third-Party Defendants. | Civil Action No. 2:21-cv-1501<br><br>**ORDER DENYING WARREN'S MOTION FOR SUMMARY JUDGMENT ON THE WILCOXES' CLAIMS AGAINST HIM** |

1

## I.  INTRODUCTION

This lawsuit arises from a vehicle/pedestrian accident that occurred in Snohomish County in November 2017. The parties to this litigation are: (1) Plaintiff and Counter-Defendant Integon Insurance Company ("Integon"), (2) Defendant Eric Hoff ("Hoff"), (3) Defendants, Counterclaimants, and Third-Party Plaintiffs Daniel and Elizabeth Wilcox ("the Wilcoxes"), (4) Third-Party Defendant Robert W. Warren and Wrixton Law Office (collectively "Warren"), and (5) Third-Party Defendant Smith Freed Eberhard, P.C. ("Smith Freed").[1]

Currently before the Court is Warren's motion for summary dismissal of the Wilcoxes' professional negligence claims against him. Dkt. No. 115. Having reviewed the motion, the opposition and reply thereto, the record of the case, and the relevant legal authority, the Court will deny the motion. The reasoning for the Court's decision follows.

## II.  FACTUAL BACKGROUND[2]

Mr. Wilcox purchased an automobile insurance policy from Integon that was effective from August 2017 to August 2018, with limits for liability coverage of $25,000 per person and $50,000 per accident ("the Policy"). On November 1, 2017, Mr. Wilcox turned right at an intersection where he had a green light but failed to see Eric Hoff who was walking in the crosswalk. Mr. Wilcox hit Hoff, injuring him. Mr. Wilcox timely reported the incident to Integon and the insurer opened a claim file and assigned an adjuster. By November 22, 2017, Integon had determined that Mr. Wilcox was solely responsible for the incident.

---

[1] Smith Freed was dismissed from this lawsuit on July 17, 2023. *See* Dkt. No. 153.
[2] The instant motion pertains to the Wilcoxes' third-party claims against Warren only; as such, this section only sets forth the facts relevant to that motion. For a more complete discussion of the factual circumstances of this case, see this Court's prior orders at Dkt. Nos. 149 and 153.

On January 16, 2020, Hoff filed a lawsuit against the Wilcoxes in Snohomish County Superior Court (the "Underlying Lawsuit") and Mr. Wilcox was served on February 1, 2020. Thereafter, on February 5, 2020, the Wilcoxes met with Third-Party Defendant attorney Robert Warren who, for purposes of this motion, it is agreed, promised to enter a notice of appearance and defend them in the Lawsuit. Despite Warren's promise, he did not file a notice of appearance, and no one appeared on behalf of the Wilcoxes in the Underlying Lawsuit, so on March 11, 2020, the Superior Court entered an order of default against them and, on October 16, 2020, entered default judgment in the amount of $1,618,587.33.

Integon learned of the default judgment from Hoff's attorney on February 18, 2021 and spoke with Warren on February 22, 2021. That same day, Integon retained Third-Party Defendant Smith Freed as counsel for the Wilcoxes to try to vacate the default judgment. Smith Freed appeared in the Underlying Lawsuit on February 24, 2021 and moved to vacate the default judgment on September 29, 2021. The Snohomish County Court denied the motion on October 11, 2021.

Integon instituted this action against the Wilcoxes for declaratory judgment that its liability for Hoff's injuries is limited to $25,000. The Wilcoxes counterclaimed against Integon and filed third-party complaints against Warren and Smith Freed alleging claims for legal malpractice and breach of fiduciary duty. With respect to Warren, the Wilcoxes claim that he committed legal malpractice and breached his fiduciary duties by failing to enter a notice of appearance and thus permitting the default judgment to be entered against them. Warren now moves for summary judgment on these claims.

### III.  STANDARD OF REVIEW

"The standard for summary judgment is familiar: 'Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact.'" *Zetwick v. County of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017) (quoting *United States v. JP Morgan Chase Bank Account No. Ending 8215*, 835 F.3d 1159, 1162 (9th Cir. 2016)). A court's function on summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If there is not, summary judgment is warranted.

### IV.  DISCUSSION

In a professional negligence action alleging legal malpractice, "the plaintiff must show (1) the existence of an attorney-client relationship that gives rise to a duty of care, (2) an act or omission by the attorney in breach of that duty, (3) damage to the client, and (4) proximate causation between the breach of duty and the damage incurred." *Slack v. Luke*, 370 P.3d 49, 53-54 (Wash. App. 2016). A claim for breach of fiduciary duty mirrors these same elements. *Bronzich v. Persels & Assocs., LLC*, 2011 WL 2119372, at *9-10 (E.D. Wash. May 27, 2011). For purposes of this motion, Warren concedes the first three elements and only challenges proximate cause. Dkt. No. 115 at 7. Thus, this Court's analysis will focus on the proximate cause element of a legal malpractice claim.

**A.  Whether Warren's Negligence Was the Proximate Cause of the Wilcoxes' Damages**

Proximate cause is shown through proof that, but for the attorney's negligence, the plaintiff would have prevailed or at least achieved a better result. Where, as here, the client alleges that his attorney negligently allowed a default judgment to be entered against him, "the

client must establish in a 'suit within a suit' that if the action had been defended, the client would have prevailed or achieved a better result in the action." *Sherry v. Diercks*, 628 P.2d 1336, 1338 (Wash. App. 1981). In *Daugert v. Pappas*, the Washington Supreme Court explained the "suit within a suit" process as follows:

> The trial court hearing the malpractice claim merely retries, or tries for the first time, the client's cause of action which the client asserts was lost or compromised by the attorney's negligence, and the trier of fact decides whether the client would have fared better but for such mishandling. . . In effect, the second trier of fact will be asked to decide what a reasonable jury or fact finder would have done but for the attorney's negligence.

704 P.2d 600, 603 (Wash. 1983).

The parties agree that in order to show that Warren's negligence was the proximate cause of the Wilcoxes' damages, they must establish that they would have fared better than the $1.6 million default judgment had Warren appeared and defended them in the Underlying Lawsuit. It is important to note that for purposes of this motion, in order to survive summary judgment, the Wilcoxes do not need to establish how much better they would have done had the lawsuit been defended, only that a genuine issue of material fact exists as to whether they would have done better than the $1.6 million default judgment entered against them.

The Wilcoxes charge that they would have fared better but for Warren's negligence because either the case would have settled for far less than the $1.6 million default judgment or a jury would have awarded Hoff less damages. As evidence that the case would have settled, they cite to statements Warren made during a recorded telephone call with Integon in which he said the case should settle for the $25,000 insurance limits. They also cite to testimony from their expert, William Fuld, who opines that the case would have likely settled for the insurance limits "plus a small personal contribution" from the Wilcoxes. Dkt. No. 130 at 12. As evidence that a jury would have awarded Hoff a lesser amount than the default judgment, they claim that Hoff's

alleged drug use and criminal history would have been "a damages-reducing factor" for the jury, and they further claim that they would have been able to test the credibility of Hoff's special and general damages witnesses "with the introduction of other evidence, impeachment, cross-examination and argument." *Id*. at 13. They also rely on the testimony of Fuld who opines that "the verdict would have been less than $1.6 million" (dkt. No. 114 at ¶ 14) and Integon's internal valuation of Hoff's claim at $169,278.92. Warren counters that the Wilcoxes' evidence that Hoff would have settled for less than the default judgment amount and/or that he would have recovered a smaller judgment at trial is speculative and/or inadmissible and, as such, does not create an issue of material fact for trial.

      This Court concludes that summary judgment is not appropriate because, at a minimum, a genuine issue of material fact exists as to whether a jury would have awarded Hoff a lesser judgment at trial had an attorney defended the Wilcoxes in the lawsuit. There is a reasonable probability that a jury would award less than the default judgment amount of $1.6 million just based on the Wilcoxes' cross-examination of both Hoff and his physician. As the Wilcoxes point out, the general damages awarded to Hoff in the default judgment comprise nearly 95% of the total damages awarded and those damages are susceptible to credibility and impeachment challenges, particularly given the circumstances of this case. Under the facts as presented on this motion, Warren's negligence is undisputed and presents a situation where the Wilcoxes lacked any representation at all due to Warren's failure to file a notice of appearance, which resulted in a sizable default judgment against them. There is a presumption in our adversarial system that parties represented by an attorney will do better and that, without one, they are liable to be at a glaring disadvantage as is demonstrated by this case. Thus, the Wilcoxes have demonstrated that a genuine issue of material fact exists as to whether they would have fared better in the Underlying

Lawsuit but for Warren's negligence. Therefore, summary judgment on their legal malpractice and breach of fiduciary duties claims is not warranted.

### B.   Whether Mr. Wilcox Can Recover Emotional Distress Damages

Under Washington law, "emotional distress damages are available for attorney negligence when emotional distress is foreseeable due to the particularly egregious (or intentional) conduct of an attorney or the sensitive or personal nature of the representation." *Schmidt v. Coogan*, 335 P.3d 424, 432 (Wash. 2014). Here the evidence establishes that Warren was aware that Hoff has submitted a demand for $1.6 million, that the Wilcoxes were "terrified" by the Underlying Lawsuit (dkt. no. 103, Ex. 1 at 12:10-20), and that they had no where near the resources to pay for such a demand. Therefore, the Court concludes, a genuine issue of material fact exists as to whether Warren's negligence was particularly egregious and that it was foreseeable that it would cause Mr. Wilcox emotional distress. Summary judgment is denied as to Mr. Wilcoxes' claim for emotional distress damages.

### V.   CONCLUSION

For the foregoing reasons, the Court HEREBY DENIES Warren's motion for summary judgment on the Wilcoxes' claims against him.

Dated this 1st day of August, 2023.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge

7