1

HONORABLE BARBARA J. ROTHSTEIN

2

3

4

5

6

7             UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
8                    AT SEATTLE

9   INTEGON PREFERRED INSURANCE
    COMPANY, a foreign corporation,              NO.  2:21-cv-01501-BJR
10
                    Plaintiff,                   **ORDER GRANTING
11                                               DEFENDANT/COUNTER-
    v.                                           CLAIMANTS/THIRD-PARTY
12                                               DEFENDANTS WILCOXES'
    DANIEL WILCOX and ELIZABETH                  MOTION TO ENTER FINDINGS IN
13  WILCOX, Washington residents; and ERIC       SUPPORT OF RULE 54(b)
    HOFF; a Washington resident,                 CERTIFICATION**
14
                    Defendants.                  **CLERK'S ACTION REQUIRED**
15
    _____
16  DANIEL WILCOX and ELIZABETH
    WILCOX, Washington residents,
17
                    Counterclaimants,
18
    v.
19
    INTEGON PREFERRED INSURANCE
20  COMPANY, a foreign corporation,

21                  Counter-defendant.

22  _____

23

24  ORDER GRANTING WILCOXES' MOTION TO
    ENTER FINDINGS IN SUPPORT OF RULE 54(b) CERTIFICATION - 1

STRITMATTER KESSLER KOEHLER MOORE
3600 15th Ave W, #300 | Seattle, WA  98119
Tel: 206-448-1777

1

2    DANIEL WILCOX and ELIZABETH
     WILCOX, Washington residents,
3
              Third-Party Plaintiffs,
4
     v.
5
     ROBERT W. WARREN, ATTORNEY AT
6    LAW, PLLC, a Washington professional
     limited liability company dba WRIXTON
7    LAW OFFICE; and SMITH FREED
     EBERHARD, P.C., a foreign professional
8    services corporation,

9             Third-Party Defendants.

10

11        Currently before the Court is Defendants, Counterclaimants, and Third-Party Plaintiffs

12   Daniel and Elizabeth Wilcoxes' ("the Wilcoxes") Motion to Enter Findings in Support of the Order

13   Granting the Motion for Rule 54(b) Certification [Dkt. No. 167] ("the motion"). Having reviewed

14   the motion, the record of the case, and the relevant legal authority, and no opposition to the motion

15   being filed, the Court hereby rules as follows:

16        In support of its Order Granting Joint Motion to Stay Proceedings, Dkt. 166, the Court

17   FINDS:

18        1.   With respect to the Orders contained in (1) Order Granting Integon's Motion for Partial

19   Summary Judgment on the Wilcoxes' Extra-Contractual Claims (8/3/2023), Dkt. 159; (2) Order

20   Granting Integon's Motion for Partial Summary Judgment, (7/6/2023), Dkt. 149; and (3) Order

21   Regarding the Wilcoxes' Motion for Partial Summary Judgment Against Smith Freed, Smith

22   Freed's Motion for Summary Judgment Against the Wilcoxes, and Smith Freed's Motion to

23   Exclude the Wilcoxes' Expert William Fuld (7/17/2023), Dkt. 153 ("dispositive orders"): The

24   dispositive orders would be final in the sense that each such order is an ultimate disposition of an
     ORDER GRANTING WILCOXES' MOTION TO
     ENTER FINDINGS IN SUPPORT OF RULE 54(b) CERTIFICATION - 2

1   individual claim entered in the course of a multiple claims action, were it not for the presence of

2   the claims and parties involved in the unadjudicated remaining third-party claims asserted by

3   Wilcoxes against Warren; and there is no just reason for delay to appeal the dispositive orders.

4       2.   The reasons for Rule 54(b) certification granted in the Order Granting Joint Motion to

5   Stay Proceedings, Dkt. 166, include:

6       a.   The Wilcoxes seek to appeal the dispositive orders. Bases for appeal that

7   Wilcoxes intend to assert may include, but not be limited to: (1) that this Court engaged in

8   impermissible factfinding as a basis to dismiss the claims against Integon; for example, in

9   interpreting Elizabeth Wilcox's use of the word "lawsuit" when speaking to Integon, (2) this Court

10  erred in construing the meaning and scope of the "tender" requirement; (3) this Court erred in

11  ignoring or misconstruing the insurance contract language that required Integon to defend the

12  "claim" against Wilcox; not merely the "lawsuit"; and (4) this Court erred in excluding opinions

13  of the Wilcoxes' insurance claims handling expert.

14      b.   No party opposes entry of this order.

15      c.   The parties with live claims remaining, Daniel and Elizabeth Wilcox and Robert

16  W. Warren, Attorney at Law, PLLC, agree with this order.

17      d.   No party will be prejudiced by an appeal of the dispositive orders prior to trial

18  of the remaining claims in this action.

19      e.   Although the claims that are dismissed by the dispositive orders and the

20  unadjudicated remaining claims arise from some common facts, the legal theories asserted against

21  Integon and Warren differ. Here, the Wilcoxes' third-party claims against Integon are premised on

22  breach of contract, common law insurance bad faith, the Insurance Fair Conduct Act, and the

23  Washington Consumer Protection Act. Dkt. 22, pp. 22-23. These are related to the circumstances

24  ORDER GRANTING WILCOXES' MOTION TO
ENTER FINDINGS IN SUPPORT OF RULE 54(b) CERTIFICATION - 3

1    that gave rise to the allegations of legal malpractice but are sufficiently distinct from legal

2    malpractice claims to merit appellate review under these circumstances; particularly given the

3    parties' competing allegations of fault and causation.

4         f.   Although claims that are the subject of the dispositive orders and the

5    unadjudicated remaining claims arise from some common facts and involve allegations of fault

6    and causation among the parties, *see* Dkt. 22, Dkt. 33 at pp. 12-13, Dkt. 30 at p. 13 & Dkt. 32 at

7    p. 9, such that all claims would best be tried together, this Court has no subject matter jurisdiction

8    over the unadjudicated remaining claims except as supplemental to the claims dismissed in the

9    dispositive orders, 28 U.S.C. § 1367.

10        g.   If some or all of the dispositive orders are reversed, trial of the unadjudicated

11   claims will be significantly different than otherwise and could significantly affect the results of

12   trial of the unadjudicated claims.  The parties relieved of claims by the dispositive orders, and the

13   parties to the unadjudicated remaining claims, have various claims and defenses based on the

14   conduct of other parties. At least some of those claims would need to be adjudicated if any of the

15   dispositive orders is reversed on appeal and could cause the outcome at trial to differ from that of

16   a trial solely on the unadjudicated remaining claims. Furthermore, it may be necessary for this

17   Court to apportion liability in accordance with *Tegman v. Accident & Medical Investigations*, 150

18   Wn.2d 102 (2003) and its progeny.

19        h.   If this order were not entered, appeal of any or all dispositive motions were to

20   occur after trial of the remaining claims in this action, and the appeal were to reverse any of the

21   dispositive orders, then a significant risk exists that such a trial would become a waste of judicial

22   resources and impose an undue burden on the parties to that trial, and that the two trials would

23

24   ORDER GRANTING WILCOXES' MOTION TO
     ENTER FINDINGS IN SUPPORT OF RULE 54(b) CERTIFICATION - 4

1    produce inconsistent results; and would thereby make the course of proceedings harsh and unjust

2    for the litigants involved in the first trial of the presently unadjudicated remaining claims.

3          i.   The outcome of a trial on the remaining claims in this action would not likely

4    influence appellate consideration of the dispositive orders.

5          j.   The costs and risks of multiplying the number of proceedings and of

6    overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early

7    and separate judgment as to the claims and parties involved in the dispositive orders.

8          k.   The following order is in the best interests of efficient judicial administration.

9          The Court further FINDS that good cause exists to temporarily lift the stay imposed by this

10   Court, Dkt. 166, so that the Court may consider and decide the above-referenced motion, and that

11   to reimpose that stay upon entry of this Order is in the interests of justice.

12

13         **ACCORDINGLY, IT IS ORDERED** that:

14

15         A.   The Motion to Enter Findings in Support of Order Granting Motion for Rule 54(b)

16   Certification, Dkt. No. 167, is GRANTED;

17         B.   The stay entered by this Court, Dkt. 166, is LIFTED for purposes of consideration of

18   the Motion to Enter Findings in Support of Order Granting Motion for Rule 54(b) Certification,

19   Dkt. No. 167, and is REINSTATED, without further action of this Court, upon entry of this Order.

20   //

21   //

22   //

23   //

24   ORDER GRANTING WILCOXES' MOTION TO
     ENTER FINDINGS IN SUPPORT OF RULE 54(b) CERTIFICATION - 5

STRITMATTER KESSLER KOEHLER MOORE
3600 15th Ave W, #300 | Seattle, WA  98119
Tel: 206-448-1777

**The Clerk of the Court is directed to enter judgment forthwith as to the three orders identified in Dkt. 166.**

DATED this 1st day of September, 2023.

*Barbara J. Rothstein*

Barbara Jacobs Rothstein
U.S. District Court Judge

Presented by:

STRITMATTER KESSLER KOEHLER MOORE

s/ Brad J. Moore
BRAD J. MOORE, WSBA #21802

s/ Daniel R. Laurence
DANIEL R. LAURENCE, WSBA #19697

s/ Shannon M. Kilpatrick
SHANNON M. KILPATRICK, WSBA #41495

brad@stritmatter.com
dan@stritmatter.com
shannon@stritmatter.com

Attorneys for Defendants/Counterclaimants/Third-Party Plaintiffs Wilcox

ORDER GRANTING WILCOXES' MOTION TO
ENTER FINDINGS IN SUPPORT OF RULE 54(b) CERTIFICATION - 6