HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INTEGON PREFERRED INSURANCE COMPANY, a foreign corporation,<br><br>     Plaintiff,<br><br>v.<br><br>DANIEL WILCOX and ELIZABETH WILCOX, Washington residents; and ERIC HOFF; a Washington resident,<br><br>     Defendants.<br><hr><br>DANIEL WILCOX and ELIZABETH WILCOX, Washington residents,<br><br>     Counterclaimants,<br><br>v.<br><br>INTEGON PREFERRED INSURANCE COMPANY, a foreign corporation,<br><br>     Counter-defendant.<br><hr> | NO.  2:21-cv-01501-BJR<br><br>**FINDINGS AND ORDER GRANTING SECOND JOINT MOTION TO STAY PROCEEDINGS AND TO CERTIFY FOR APPEAL CERTAIN SUMMARY JUDGMENT ORDERS** |

FINDINGS & ORDER GRANTING SECOND JOINT MOTION TO STAY PROCEEDINGS AND/OR TO CERTIFY FOR APPEAL CERTAIN SUMMARY JUDGMENT ORDERS - 1

DANIEL WILCOX and ELIZABETH WILCOX, Washington residents,

               Third-Party Plaintiffs,

v.

ROBERT W. WARREN, ATTORNEY AT LAW, PLLC, a Washington professional limited liability company dba WRIXTON LAW OFFICE; and SMITH FREED EBERHARD, P.C., a foreign professional services corporation,

               Third-Party Defendants.

THIS MATTER came before the Court for consideration on all remaining parties Daniel Wilcox, Elizabeth Wilcox and Robert W. Warren, Attorney at Law, PLLC's Second Joint Motion to Stay Proceedings and to Certify for Appeal Certain Summary Judgment Orders, Dkt. 192. The Court has considered that motion, the notice of non-opposition filed by Integon Preferred Insurance Company, Dkt. 195, the orders of this Court including but not limited to Dkts. 149, 153, 159, 166, 168, 175, & 189, the motion papers related to those orders, and the decisions of the United States Court of Appeals for the Ninth Circuit in this matter, Dkt. 171, 172 & 173, and the Court deems itself fully advised in the premises.

### Scope of Proposed Interlocutory Appeal

1.  The Wilcoxes seek to appeal findings, conclusions and orders contained in: (1) Order Granting Integon's Motion for Partial Summary Judgment on the Wilcoxes' Extra-Contractual Claims (8/3/2023), Dkt. 159; (2) Order Granting Integon's Motion for Partial Summary Judgment, (7/6/2023), Dkt. 149; (3) Order Regarding the Wilcoxes' Motion for Partial Summary Judgment Against Smith Freed, Smith Freed's Motion for Summary Judgment Against the Wilcoxes, and

FINDINGS & ORDER GRANTING SECOND JOINT MOTION TO STAY PROCEEDINGS AND/OR TO CERTIFY FOR APPEAL CERTAIN SUMMARY JUDGMENT ORDERS - 2

Smith Freed's Motion to Exclude the Wilcoxes' Expert William Fuld (7/17/2023), Dkt. 153, and (4) Order Granting Plaintiff's Renewed Motion for Summary Judgment and Denying Counterclaimants' Motion for Partial Summary Judgment, Dkt. 189 (7/18/2025) ("dispositive orders"), and to the extent issues raised in those motions were not resolved by the United States Court of Appeals for the Ninth Circuit in this action, Dkts. 171, 172 & 173.

## I.    FINDINGS

The Court **FINDS**:

### A.    Finality

2.   Each of the above-described dispositive orders would be final in the sense that each such order is an ultimate disposition of an individual claim entered in the course of a multiple claims action, were it not for the presence of the claims and parties involved in the unadjudicated remaining third-party claims asserted by the Wilcoxes as third-party plaintiffs against Third-Party Defendant Robert W. Warren dba Wrixton Law Office; and there is no just reason for delay to appeal the dispositive orders.

### B.    Prior Interlocutory Appeal

3.   In response to a prior interlocutory appeal in this matter, the United States Court of Appeals for the Ninth Circuit affirmed in part and reversed in part this Court's summary judgment order dismissing the Wilcoxes' counter-claims against Integon, which relied on a determination that such claims were barred upon a finding that the Wilcoxes failed to "tender" the lawsuit to Integon for defense, in violation of law articulated by Washington state courts. *See* Dkt. 149 at pp. 7-9; Dkt. 171 at pp. 5-6.

4.   In the summary judgment order previously appealed, this Court held:

FINDINGS & ORDER GRANTING SECOND JOINT MOTION TO STAY PROCEEDINGS AND/OR TO CERTIFY FOR APPEAL CERTAIN SUMMARY JUDGMENT ORDERS - 3

STRITMATTER LAW
3600 15th Ave W., #300 | Seattle, WA  98119
Tel: 206-448-1777

> [T]he instant Policy also required Mr. Wilcox to provide Integon with any legal papers he received related to the accident. *See* Dkt. No. 1-5, the Policy, p. 32, PART E, > DUTIES AFTER AN ACCIDENT OR LOSS FILING A CLAIM GENERAL DUTIES, B. 2 (stating that the insured is required to "promptly send [Integon] copies of any notices or legal papers received in connection with the accident or loss"). The Policy further provided that "[f]ailure to comply with any of the duties under this Part E may result in denial of coverage and relieve [Integon] of all duties to … defend, pay any judgment or otherwise honor any claims made against an insured." *Id.* at GENERAL DUTIES, A. Thus, the Court concludes that both Washington law and the Policy required Mr. Wilcox to tender the Underlying Lawsuit to Integon before the insurer became legally obligated to provide him with a defense in the Lawsuit.

Dkt. 149 at p. 9.

### C.    Order After Remand

5.    Upon remand, this Court found that

> Mr. Wilcox failed to comply with the Policy terms and conditions by not only failing to advise Integon that a lawsuit had been filed…but by failing to provide Integon with the summons and complaint served on him. …This failure prevented Integon from defending against the Underlying Lawsuit until it was too late since default judgment had already been entered.

Dkt. 189 at p. 9 (footnote omitted). The Court then found that Integon was substantially prejudiced by Mr. Wilcox's failures, which relieved Integon's duty to defend. *Id.* at 9-11. Accordingly, this Court granted Integon's renewed motion for summary judgment dismissal of the Wilcoxes' claims against it, Dkt. 179, denied the Wilcoxes' cross-motion for partial summary judgment, Dkt. 180, and ordered the Wilcoxes' third-party claims against Attorney Warren to trial starting on September 15, 2025.  Dkt. 189 at p. 12.

### D.    Bases to Appeal Post-Appeal Order Granting Integon Summary Judgment

6.    The reasons for Rule 54(b) certification of this Court's post-appeal order dismissing the Wilcoxes' counterclaims, Dkt. 189, and for denying their cross-motion for summary judgment against Integon, Dkts. 180, 181 & 188, are the same as the reasons that justified the prior

FINDINGS & ORDER GRANTING SECOND JOINT MOTION TO STAY PROCEEDINGS AND/OR TO CERTIFY FOR APPEAL CERTAIN SUMMARY JUDGMENT ORDERS - 4

interlocutory appeal, *see* Dkts. 166 & 168, and that the United States Court of Appeals for the Ninth Circuit endorsed:

> Under Rule 54(b) a district court may enter final judgment as to one or more claims or parties if there is no just reason for delay. Fed. R. Civ. P. 54(b).

> Entry of judgment under Rule 54(b) is improper if the subject claims are so interrelated with pending claims that the early appeal will result in "piecemeal appeals." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). Reviewing de novo the district court's 54(b) orders, *see Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015), we affirm the entry of judgment on the claims in this appeal.

> \*\*\*

> The district court's Rule 54(b) orders were also proper as to the orders granting summary judgment to Integon on its claim that it did not breach its duty to defend Mr. Wilcox and on the Wilcoxes' extra-contractual claims. There are four unresolved claims between the Wilcoxes and Integon, but at oral argument both parties agreed that these claims rise and fall with the claims before us. Oral Argument at 8:58–9:15, 24:34–25:00. Thus, entering a final judgment will not lead to piecemeal appeals.

> Because the district court properly entered final judgment under Rule 54(b) as to all claims appealed to us, we have jurisdiction under 28 U.S.C. § 1291. *See Martin v. Pierce*, 34 F.4th 1125, 1128 (9th Cir. 2022).

Dkt. 171 at pp. 3-4.

### A.    No Prejudice

7.    No party will be prejudiced by an appeal of the dispositive orders prior to trial of the remaining claims in this action.

### B.    Relationship of Dismissed Claims to Remaining Claims

8.    Although the claims against Integon dismissed by the dispositive order, Dkt. 189, and the unadjudicated remaining claims arise from some common facts, the legal theories asserted against Integon and attorney Warren differ. Here, the Wilcoxes' third-party claims against Integon

FINDINGS & ORDER GRANTING SECOND JOINT MOTION TO STAY PROCEEDINGS
AND/OR TO CERTIFY FOR APPEAL CERTAIN SUMMARY JUDGMENT ORDERS - 5

are premised on breach of contract, common law insurance bad faith, the Insurance Fair Conduct Act, and the Washington Consumer Protection Act. Dkt. 22, pp. 22-23. These are related to the circumstances that gave rise to the allegations of legal malpractice, but they are sufficiently distinct from legal malpractice claims to merit appellate review under these circumstances; particularly given the parties' competing allegations of fault and causation.

9.  Although claims that are the subject of the dispositive orders and the unadjudicated remaining claims arise from some common facts and involve allegations of fault and causation among the parties, *see* Dkt. 22, Dkt. 33 at pp. 12-13, Dkt. 30 at p. 13 & Dkt. 32 at p. 9, such that all claims would best be tried together, this Court has no subject matter jurisdiction over the unadjudicated remaining claims except as supplemental to the claims dismissed in the dispositive orders, 28 U.S.C. § 1367.

10. If some or all of the dispositive orders are reversed, trial of the unadjudicated claims will be significantly different than otherwise and could significantly affect the results of trial of the unadjudicated claims.  The parties relieved of claims by the dispositive orders, and the parties to the unadjudicated remaining claims, have various claims and defenses based on the conduct of other parties. At least some of those claims would need to be adjudicated if any of the dispositive orders is reversed on appeal and could cause the outcome at trial to differ from that of a trial solely on the unadjudicated remaining claims. Furthermore, it may be necessary for this Court to apportion liability in accordance with *Tegman v. Accident & Medical Investigations*, 150 Wn.2d 102 (2003) and its progeny.

11. If this order were not entered, appeal of any or all dispositive motions were to occur after trial of the remaining claims in this action, and the appeal were to reverse any of the dispositive orders, then a significant risk exists that such a trial would become a waste of judicial

FINDINGS & ORDER GRANTING SECOND JOINT MOTION TO STAY PROCEEDINGS
AND/OR TO CERTIFY FOR APPEAL CERTAIN SUMMARY JUDGMENT ORDERS - 6

resources and impose an undue burden on the parties to that trial, and that the two trials would produce inconsistent results; and would thereby make the course of proceedings harsh and unjust for the litigants involved in the first trial of the presently unadjudicated remaining claims.

### C.    Interlocutory Appeal & Judicial Administration

12. The outcome of a trial on the remaining claims in this action would not likely influence appellate consideration of the dispositive orders.

13. The costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to the claims and parties involved in the dispositive orders.

14. The following order is in the best interests of efficient judicial administration. The Court of Appeals found these reasons sufficient with respect to this Court's prior orders certifying its decisions for interlocutory appeal, Dkts. 166 & 168, Dkt. 171 at pp. 3 – 4. Interlocutory appeal of this Court's subsequent Order Granting Plaintiff's Renewed Motion for Summary Judgment and Denying Counterclaimants' Motion for Partial Summary Judgment, Dkt. 189, serves the same reasons. Then, as now, the parties sought interlocutory appeal to avoid judicial resources trying a case exclusively against Third-Party Defendant Warren; resources that could be wasted and generate inconsistent and otherwise unjust verdicts if this Court's orders concerning claims against Counterdefendant Integon were reversed.

## II.    ORDER

**ACCORDINGLY, IT IS ORDERED** that:

A. The Second Joint Motion to Stay Proceedings and/or to Certify For Appeal Certain Summary Judgment Orders is GRANTED, and all proceedings in the District Court in this action are STAYED indefinitely pursuant to this Court's authority to manage its docket and independent

FINDINGS & ORDER GRANTING SECOND JOINT MOTION TO STAY PROCEEDINGS
AND/OR TO CERTIFY FOR APPEAL CERTAIN SUMMARY JUDGMENT ORDERS - 7

of the remainder of this Order, *see Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *accord, Leyva v. Certified Grocers of Calif., Ltd*., 593 F.2d 857, 863-64 (9th Cir. 1979);

    B.  The following dispositive orders, to the extent not resolved upon the prior interlocutory appeal, *see* Dkts. 171, 172 & 173, are certified for appeal pursuant to Rule 54(b) of the Federal Rules of Civil Procedure:

    (1) Order Granting Integon's Motion for Partial Summary Judgment on the Wilcoxes' Extra-Contractual Claims (8/3/2023), Dkt. 159;

    (2) Order Granting Integon's Motion for Partial Summary Judgment, (7/6/2023), Dkt. 149;

    (3) Order Regarding the Wilcoxes' Motion for Partial Summary Judgment Against Smith Freed, Smith Freed's Motion for Summary Judgment Against the Wilcoxes, and Smith Freed's Motion to Exclude the Wilcoxes' Expert William Fuld (7/17/2023), Dkt. 153, to the extent it relates to Mr. Fuld's testimony; and

    (4) Order Granting Plaintiff's Renewed Motion for Summary Judgment and Denying Counterclaimants' Motion for Partial Summary Judgment, Dkt 189.

    **The Clerk of the Court is directed to enter judgment forthwith as to the foregoing four orders, to the extent not already done.**

    DATED this 22nd day of August 2025.

The Honorable Barbara J. Rothstein
UNITED STATES DISTRICT JUDGE

STRITMATTER LAW
3600 15th Ave W, #300 | Seattle, WA  98119
Tel: 206-448-1777

Presented by:

STRITMATTER  LAW

s/ Brad J. Moore
BRAD J. MOORE, WSBA #21802

s/ Daniel R. Laurence
DANIEL R. LAURENCE, WSBA #19697

s/ Shannon M. Kilpatrick
SHANNON M. KILPATRICK, WSBA #414965

brad@stritmatter.com
dan@stritmatter.com
shannon@stritmatter.com

Attorneys for Defendants/Counterclaimants/Third-Party Plaintiffs Wilcox

FINDINGS & ORDER GRANTING SECOND JOINT MOTION TO STAY PROCEEDINGS
AND/OR TO CERTIFY FOR APPEAL CERTAIN SUMMARY JUDGMENT ORDERS - 9